UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,            Civ. No.

        Plaintiff,

                                                    **COMPLAINT**

   -against-

FIREMAN'S FUND INSURANCE COMPANY,

        Defendant.
------------------------------------------------------------X

      Plaintiff, Utica Mutual Insurance Company ("Utica"), by its attorneys, Mound, Cotton, Wollan & Greengrass, for its Complaint, upon information and belief alleges:

### JURISDICTION and VENUE

      1.    This is an action for breach of contract, and for declaratory judgment brought pursuant to 28 U.S.C. § 2201, for the purpose of determining an actual controversy between the parties as further described herein.

      2.    This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 inasmuch as the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs, and plaintiff and defendant are citizens of different States.

      3.    Venue is properly placed under 28 U.S.C. § 1391, as this is a diversity action, Utica resides in this district, and defendant corporation is registered to do business in this district and is doing business in this district, and a substantial part of the events, giving rise to this Complaint occurred in this district.

## THE PARTIES

4.     At all times hereinafter mentioned, Utica was and still is a corporation organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 180 Genesee Street, New Hartford, New York where it is engaged in the business of an insurance company.

5.     Upon information and belief, defendant, Fireman's Fund Insurance Company ("FFIC"), was and still is a California corporation with its principal place of business at 777 San Marin Drive, Novato, California where it is engaged in the business of an insurance and reinsurance company.

## FACTUAL BACKGROUND

6.     Utica provided umbrella liability insurance coverage (amongst other coverage) to Goulds Pumps, Incorporated ("Goulds"), a New York corporation pursuant to various policies of insurance including coverage commencing in 1966 and continuing through 1972 (the "underlying policies").

7.     The underlying policies were issued by Utica and delivered to Goulds in New York.

8.     Utica provided primary insurance coverage to Goulds pursuant to various policies of insurance including coverage commencing in 1966 and continuing through 1972 in the amount of $100,000/$300,000 (with a $300,000 products aggregate), and umbrella coverage in the amount of $10,000,000 (Ultimate Net Loss contract).

9.     Utica sought and obtained reinsurance of the underlying policies through an intermediary, Herbert Clough, Inc. ("Clough"), located at the time at 485 Madison Avenue, New York, New York. The reinsurance contracts were issued and delivered to Utica Mutual in the

2

state of New York to reinsure the policies Utica Mutual issued to a New York Corporation, Goulds Pumps, Inc.

10. Utica retained 5% of the first $1,000,000 of the umbrella coverage. Utica Mutual directly placed 95% of the first $1,000,000 plus 100% of $4,000,000 xs $1,000,000 with General Reinsurance Corp., Clough placed the next $5,000,000 portion of the reinsurance with FFIC.

11. FFIC issued six certificates of reinsurance to Utica delivered through Clough for $5,000,000 excess of $5,000,000 ("excess layer") from May 31, 1966 to July 1, 1967, July 1, 1967 to July 1, 1968, July 1, 1968 to July 1, 1969, July 1, 1969 to July 1, 1970, July 1, 1970 to July 1, 1971 and July 1, 1971 to July 1, 1972 respectively (the "Certificates").

12. Goulds filed numerous asbestos related claims, including those involving losses for the above stated period with Utica and Utica adjusted and paid claims and incurred expenses in good faith under the underlying policies that fall within the terms of the certificates ("underlying claims").

13. The underlying claims and the expenses related thereto were adjusted and paid by Utica at their Home Office in New Hartford, N.Y. on behalf of Goulds. The majority of the claims against Goulds and handled by Utica were filed against Goulds in the State of New York.

14. A portion of the total of all Goulds' asbestos claims and associated expenses fall within the excess layer reinsured by FFIC.

15. On or about September 12, 2008 Utica first billed FFIC $16,794,738.15 for underlying claims and associated expenses that fall within the excess layer.

16. Subsequent billings were issued by Utica to FFIC and, as of May 31, 2009 the billings total $25,259,405.81 and are continuing.

3

17. Utica has provided all information requested by FFIC with respect to the underlying claims and the billings, and has made its files located in New Hartford, New York available during an audit conducted there by FFIC during April, 2009.

18. Utica has complied with all of the terms and conditions of the certificates.

19. To date, in breach of its obligations under the certificates, although requested, FFIC has failed to make payment of any portion of the billings.

## COUNT I

20. Utica repeats and realleges the allegation contained in paragraph 1 through 17.

21. Pursuant to the Certificates, FFIC is obligated to make payments to Utica in the sum of $25,259,405.81 as of May 31, 2009 but has failed to make such payment.

22. FFIC breached the certificates by failing to make payment of the billings through May 31, 2009.

23. By reason of FFIC's breach, as of May 31, 2009, Utica has sustained damages in the sum of $25,259,405.81, and such damages are continuing.

24. By reason of the foregoing, Utica demands judgment against FFIC in the sum of $25,259,405.81.

## COUNT II

25. Utica repeats and realleges the allegations contained in paragraphs 1 through 22.

26. Utica will continue to incur expenses by reason of the underlying claims and associated expenses that are subject to reimbursement by FFIC pursuant to the Certificates.

27. By reason of the foregoing, Utica is entitled to a judgment declaring that FFIC is obligated to make payment to Utica for billings subsequent to May 31, 2009 with respect to

additional claims and associated expenses paid by Utica under the underlying policies that are subject to reimbursement under the certificates.

WHEREFORE, Plaintiff Utica requests that the Court enter judgment as follows:

1. In favor of Plaintiff Utica against Defendant FFIC in the sum of $25,259,405.81 for amounts billed through May 31, 2009;

2. Declaring that FFIC is obligated to pay future billings by Utica for claims and associated expenses subject to reimbursement under the certificates; and

3. Awarding interest, costs and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 29, 2009

                                          MOUND COTTON WOLLAN
                                          & GREENGRASS

By: _____
Joshua L. Milrad (510996)
Attorneys for Plaintiff
UTICA MUTUAL INSURANCE COMPANY
One Battery Park Plaza
New York, New York 10004
(212) 804-4200

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UTICA MUTUAL INSURANCE COMPANY

### DEFENDANTS
FIREMAN'S FUND INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff: Oneida County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Marin County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mound Cotton Wollan & Greengrass, One Battery Park Plaza, New York, New York 10004 (212) 804-4200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2201 AND 28 USC 1332
Brief description of cause:
Breach of Reinsurance Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 25,259,405.81
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 07/29/2009
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____