UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UTICA MUTUAL INSURANCE COMPANY,
                                Plaintiff,             Civ. Action No.
          -v.-                                 6:09-CV-0853
                                         (DNH)(GHL)
FIREMAN'S FUND INSURANCE COMPANY
                                Defendant.
_____

APPEARANCES:                             OF COUNSEL:

HUNTON & WILLIAMS LLP            SYED S. AHMAD, ESQ.
Counsel for Plaintiff                    WALTER J. ANDREWS, ESQ.
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102

CHADBOURNE & PARKE LLP         JOHN F. FINNEGAN, ESQ.
Counsel for Defendant                 MARY A. LOPATTO, ESQ.
1200 New Hampshire Avenue, NW    WILLIAM PERRY, ESQ.
Washington, DC 20036

GEORGE H. LOWE, United States Magistrate Judge

## <u>ORDER</u>

By Order dated January 4, 2011, the Court denied a motion by Plaintiff Utica Mutual

Insurance Company ("Plaintiff" or "Utica Mutual") to disqualify Chadbourne & Parke LLP

("Chadbourne") as attorneys for Defendant Fireman's Fund Insurance Company ("Fireman's

Fund").  Dkt. No. 50.  Utica Mutual moved for reconsideration.  Dkt. No. 51.  The Court held an *in

camera* hearing on March 8, 2011.  Chadbourne subsequently filed a memorandum of law in

opposition to the motion.  Dkt. No. 54.

The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transp.,

Inc.*, 70 F.3D 255, 257 (2d Cir. 1995).  A court may justifiably reconsider its previous ruling if: (1)

there is an intervening change in the controlling law; (2) new evidence not previously available

comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest

injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L. Ed. 2d 171 (1983)).  None of these factors is present here.  With regard to "2", to the extent that "new evidence" has been presented, it was previously available.  Therefore the motion is denied for failure to meet the standard for reconsideration motions.

Alternatively, were the motion to be granted, the Court, upon reconsideration, would adhere to its initial decision.  At the hearing the Court had the opportunity to hear and observe Ms. Miller, who was subjected to a rigorous and lengthy examination by Utica Mutual's counsel.  The Court found her to be fully credible and therefore is even further "convinced that Chadbourne's isolation of Ms. Miller was and is adequate" and "the presumption of confidence sharing has been rebutted." Dkt. No. 50, at 11.  In addition, given the Court's findings as set forth in its initial Order and the finding above concerning Ms. Miller's credibility, there is no reason to preclude Fireman's Fund from pursuing certain discovery.  Indeed, such a preclusion might be highly prejudicial to Fireman's Fund, and there is no basis for it.

Accordingly, it is

ORDERED, that Plaintiff's motion for reconsideration (Dkt. No. 51) is denied; and it is further

ORDERED, that Plaintiff's request to have Fireman's Fund precluded from pursuing certain discovery (Dkt. No. 52, memo. of law, at 8) is denied; and it is further

ORDERED, that Plaintiff shall have fourteen (14) days from the date of this Order to appeal or to seek any other relief available to it.

Dated: March 28, 2011
Syracuse, New York

George H. Lowe
United States Magistrate Judge

2