

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL   703 • 714 • 7400
FAX   703 • 918 • 4050


SYED S. AHMAD
DIRECT DIAL: 703-714-7676
EMAIL: sahmad@hunton.com

May 2, 2011

**VIA ECF**

The Honorable David N. Hurd
United States District Court Judge
United States District Court
  for the Northern District of New York
Alexander Pirnie Federal Bldg.
10 Broad Street
Utica, NY 13501

Re:   *Utica Mutual Insurance Co. v. Fireman's Fund Insurance Co.*,
      **No.: 6:09-0853 (DNH)(GHL)**

Dear Judge Hurd:

This firm represents Utica Mutual Insurance Company. On April 11, 2011, Utica filed its Objections to Magistrate Judge's Rulings related to Utica's Motion to Disqualify Chadbourne & Parke LLP, Fireman's Fund Insurance Company's counsel. Docket Nos. 56, 57. Last week, Fireman's Fund filed its Opposition. Docket No. 58. Pursuant to Local Rule 7.1(b)(2), Utica requests permission to file its reply papers so it can address Fireman's Fund's numerous misrepresentations and arguments based on those misrepresentations.

For example, in its Opposition, Fireman's Fund asserts that "Utica had nothing to say -- not a word -- in its appeal papers" about the "seminal issue" in front of Judge Lowe, namely, "whether Chadbourne had put in place adequate screening procedures to isolate Ms. Miller...." Docket No. 58 at 22. Fireman's Fund's claim is demonstrably false. *See, e.g.,* Utica's Objections at 14-15 ("Judge Lowe improperly relied on Chadbourne's screening efforts notwithstanding the significant delay between the firm's retention and the 'Ethical Wall' that was put in place"); *see generally,* at 14-18 (explaining why, based on the case law about the necessary screening procedures, "Judge Lowe improperly credited Chadbourne's screening efforts").

With respect to Judge Lowe's decision on Utica's Motion for Reconsideration, Fireman's Fund contends that Utica's objection should be summarily denied because Utica "does not assert" that Judge Lowe's ruling "was contrary to law...." Docket No. 58 at 23. This is incorrect. For example, Utica specifically explained why Judge Lowe applied the wrong

# Hunton&
# Williams

The Honorable David N. Hurd
May 2, 2011
Page 2

standard in deciding Utica's Motion for Reconsideration and, as a result, argued that the ruling was contrary to law. Utica's Objections at 11, n.3.

Fireman's Fund also claims that Utica does not "attempt to demonstrate that Judge Lowe misapplied controlling principles of law." Docket No. 58 at 1. This is incorrect. *See, e.g.*, Utica's Objections at 10, *et seq.* (setting forth well-established case law requiring that courts resolve doubts in favor of disqualification and arguing that Judge Lowe incorrectly "ignored the doubts created by Chadbourne's actions and inactions").

In addition, Fireman's Fund mischaracterizes the R&Q/INA proceeding in front of Judge Hellerstein at the Southern District of New York, which dealt with Utica's Motion to Disqualify Chadbourne in another matter. According to Fireman's Fund, Judge Hellerstein did not order Chadbourne's client, R&Q, to forego discovery and that R&Q agreed to "voluntarily" withdraw the discovery. Docket No. 58 at 12-13. But Judge Hellerstein made clear that he "*ruled* that withdrawal by R&Q" of certain discovery "would be a sufficient prophylaxis against any improper" disclosure. September 7, 2010, Order [Docket No. 47]. Under Fireman's Fund's interpretation, a prophylaxis would not have been required, there would be no need to determine if the prophylaxis was sufficient, and Judge Hellerstein's ruling would have been unnecessary.

In its reply, Utica will need to respond to one other argument by Fireman's Fund based on the R&Q/INA proceeding. Fireman's Fund asserts that Utica is "estopped" from arguing that additional screening procedures are needed because, as a part of the R&Q/INA dispute, Utica agreed to certain procedures that would be in place at Chadbourne starting in September 2010. Docket No. 58 at 16 n.9. But screening procedures in place long after Chadbourne started to represent Fireman's Fund are immaterial and do not address Utica's concerns. Utica's Objections at 14-18. (demonstrating why after-the-fact screening is immaterial here). In any event, Fireman's Fund advanced its "estoppel" argument for the first time in its Opposition, and Utica should be given an opportunity to respond to that argument in a reply.

Accordingly, Utica should be granted permission to file reply papers for its Objections to Magistrate Judge's Rulings, particularly given Fireman's Fund's arguments based on numerous misrepresentations.

Sincerely,

Syed Ahmad

Syed S. Ahmad