UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,

          Plaintiff,

  -against-                                       No. 6:09-CV-0853 (DNH/GHL)

FIREMAN'S FUND INSURANCE COMPANY,

          Defendant.
----------------------------------------------------------X

### STIPULATED PROTECTIVE ORDER
### REGARDING CONFIDENTIAL ITEMS AND INFORMATION

WHEREAS, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material entitled to be kept confidential, the parties hereby stipulate to, and the Court orders, the following:

    **1.**    **DEFINITIONS AND BACKGROUND**

        **A.**    "Confidential Items" means confidential or proprietary documents that, in connection with the claims that are the subject of this litigation, Utica Mutual Insurance Company ("Utica Mutual") has provided, or may provide to Fireman's Fund Insurance Company ("Fireman's Fund") during discovery in this litigation, or that Fireman's Fund may provide to Utica Mutual during discovery in this litigation. Except as otherwise indicated below, all Confidential Items that any interested party designates as "Confidential" and that are produced to the opponent or its attorneys, consultants, agents, or experts, or to its potential attorneys, consultants, agents, or experts in this action shall be considered protected documents and given confidential treatment as described below. Each party shall act in good faith in designating only those documents that are truly confidential or proprietary as Confidential Items. To be considered a "Confidential Item", any such document or data shall:

    i.    bear the legend "Confidential" - or otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner; or

    ii.    where no legend as described in (a) can be affixed to or recorded upon the document or tangible thing itself, the producing party notifies the intended recipient in writing that the item is designated as confidential, including information believed to be subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Where documents are produced in their original form before photocopying or other reproduction during which an appropriate legend can be affixed, notice in writing to the other party that the materials are confidential will be provided and any documents shall be deemed confidential until such time as the materials are photocopied for further use in this litigation and a "Confidential" legend as set forth in (a) is affixed.

    B.    "Document" means all documents, data or other information in any form, whether physical or electronic.

    C.    "Interested parties" means Utica Mutual and Fireman's Fund.

    D.    "This litigation" or "the litigation" means the captioned lawsuit.

    E.    Documents not identified or labeled as Confidential Items, subject to the exception in Section 1(A)(ii) above, shall not be considered as confidential, except that if a confidential document is produced without being marked as "Confidential," as set forth in paragraph 1(A)(i), the interested party responsible for the disclosure may notify the other

interested party promptly upon learning of the disclosure and, upon such notice, the document will be treated prospectively as though it had been marked "Confidential.

   F. This Order shall apply to a Confidential Item as defined herein, whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that discuss, quote, summarize or contain materials entitled to protection hereunder - herein "Confidential Information" - may be marked as Confidential Items, but, to the extent feasible and appropriate, shall be prepared in such a manner that the Confidential Information contained therein is bound separately from other material that is not entitled to confidentiality protection.

  **2. PERMISSIBLE AND IMPERMISSIBLE DISCLOSURES**

   A. A Confidential Item may be disclosed to counsel for the interested parties to this action who are involved in this litigation; to the partners, associates, secretaries, paralegals, assistants, agents and employees of such counsel, as well as vendors chosen by such counsel, including potential vendors and potential experts; and to court officials and court reporters involved in this litigation, including persons operating video recording equipment at depositions; but, as to all such persons identified in this paragraph, only to the extent reasonably necessary to render professional and related services in the litigation.

   B. A Confidential Item may be disclosed to:

    (i) Subject to subsection (ii) below, Fireman's Fund's or Utica Mutual's reinsurers, reinsurance intermediaries, retrocessionaires, auditors, or regulators; provided however, that a Confidential Item shall be used solely for (a) notifying, reporting to, or

3

responding to reinsurers, reinsurance intermediaries, or retrocessionaires regarding the litigation; or (b) complying with any audit, review, or investigation by an auditor or regulator.

    (ii) Confidential Items may be disclosed to Utica Mutual's or Fireman's Fund's reinsurers, reinsurance intermediaries, or retrocessionaires only if:

      a) Utica Mutual or Fireman's Fund advises the other party of the name of the entity to whom such disclosures are to be made and the preexisting basis warranting such disclosure; and

      b) Utica Mutual or Fireman's Fund identifies the documents by Bates numbers that are to be disclosed and, as to Confidential Items relating to Fireman's Fund's commutations with its reinsurers, Utica permits Fireman's Fund to redact information identifying Fireman's Fund's reinsurers.

  C. Confidential Items may also be disclosed to the following persons:

    (i) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    (ii) to persons noticed for depositions or designated as trial witnesses, but only to the extent reasonably necessary to prepare them to testify or reasonably necessary to obtain their testimony; and

    (iii) to outside consultants or experts or potential consultants or experts retained for the purpose of assisting counsel in the litigation, but only to the extent reasonably necessary for them to provide such services in the litigation.

  D. Except as permitted by this Order, under no circumstances shall information or materials covered by this Order be disclosed or disseminated, nor shall any such

materials be made publicly available by the party receiving such materials in any format or forum.

    E.    If any party is requested or required to disclose a Confidential Item in order to comply with a subpoena, discovery request or order of any court, subject to any applicable legal restrictions, that party will give written notice to the other as soon as possible after the subpoena, discovery request or court order is received. In all contexts, both parties will make good faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of any Confidential Item.

    F.    Except as provided in Section 4(A) herein, any individual, other than counsel or a member of counsel's staff, to whom disclosure is to be made pursuant to Section 2(C) must first sign a form entitled "Nondisclosure Agreement" in the form set forth as Exhibit A to this Order.

    G.    If a document designated as a Confidential Item in accordance with this Order, or information that is Confidential Information in accordance with this Order, is inadvertently disclosed to any person other than a person authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of counsel for the interested parties and, without prejudice to other rights and remedies of the provider of the Confidential Item, shall make every possible effort to retrieve the item and prevent any further disclosure by the person who was the recipient of such information.

### 3. DECLASSIFICATION

A party may apply to the Court for a ruling that an item designated as confidential is not entitled to such status or protection. The party or other person that designated the item as

confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show that there is good cause for the item to have such protection.

### 4. USE OF CONFIDENTIAL ITEMS AND CONFIDENTIAL INFORMATION IN DEPOSITIONS

A. In preparing for deposition or during the deposition, a deponent may be shown and examined about Confidential Items or Confidential Information provided that there has been full compliance with the provisions of Section 2 herein, including signing the "Nondisclosure Agreement". If a deponent refuses to sign a "Nondisclosure Agreement," the deponent may not be examined about Confidential Items or Confidential Information, unless the parties agree or the Court orders otherwise.

B. Interested parties and deponents may, at the deposition or within thirty days after receipt of the deposition transcript, designate pages of the transcript - and, if applicable, the corresponding portions of any video or other recording of the deposition - and exhibits thereto, as Confidential. Confidential portions within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential." The designation will be deemed also to apply to the corresponding portions of any video or other recording of the deposition. Until expiration of the 30-day period, the entire deposition will be treated as Confidential and subject to protection against disclosure under this Order. If no interested party or deponent timely designates confidential portions in a deposition, then none of the transcript (or, if applicable, the corresponding portions of any video or other recording of the deposition), or exhibits thereto, will be treated as Confidential.

5. **USE OF CONFIDENTIAL ITEMS AND CONFIDENTIAL INFORMATION AT TRIAL**

Subject to the Federal Rules of Civil Procedure, Confidential Items or Confidential Information may be offered in evidence at trial or at any court hearing. Any interested party may move the Court for an Order to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a Confidential Item or Confidential Information and, if so, what protection, if any, is to be afforded to such Confidential Items or Confidential Information at trial.

6. **FILING**

Confidential Items need not and shall not be filed with the Court except when required in connection with motions under Federal Rules of Civil Procedure 26, 37, and 56, or other matters pending before the Court. If filed, Confidential Items, or documents referencing Confidential Items, shall be filed under seal and shall remain sealed while in the office of the Clerk, unless ordered unsealed by the Court.

To resolve a privilege dispute related to certain emails that Utica Mutual provided to Fireman's Fund, Utica Mutual and Fireman's Fund anticipate filing briefs with the court related to that dispute. Filings and other submissions related to the privilege dispute shall be treated as a "Confidential Item".

7. **PERMITTED USE**

Persons obtaining access to Confidential Items or Confidential Information under this Order shall use such Confidential Items or Confidential Information only for preparation and trial of this litigation - including any appeals or retrials - and, except as permitted in this Order, shall not use such Confidential Items or Confidential Information for any other purpose,

7

including business, governmental, commercial, administrative, or judicial proceedings, nor disclose such Confidential Items or Confidential Information to the public.

### 8. NON-TERMINATION

A. The provisions of this Order shall not terminate at the conclusion of this action.

B. Upon the final resolution of this litigation, including any appeal(s), the Clerk of the Court, if permitted, shall return all documents and things containing Confidential Information that have been filed under seal with the Court to the interested party that filed them.

### 9. MODIFICATION PERMITTED

Nothing in this Order shall prevent any interested party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

### 10. NO WAIVER

A. Review of Confidential Items or Confidential Information by counsel or by experts or consultants, or potential experts or consultants, for the interested parties shall not waive the confidentiality of the Confidential Items or Confidential Information, or any other objections to production.

B. The inadvertent, unintentional, or *in camera* disclosure of Confidential Items and/or Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, or any other objections to production.

C. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any interested party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Items and/or Confidential Information.

D. Nothing contained in this Order is intended to alter or diminish the protections of the attorney-client privilege, any other privilege, or the work product doctrine.

STIPULATED TO ON THIS 20th DAY OF JULY BY:

Hunton & Williams LLP

By: _____
Syed S. Ahmad
1751 Pinnacle Drive
McLean, Virginia 22102
(703) 714-7676
(703) 918-4050 (facsimile)
sahmad@hunton.com

*Attorneys for*
*Utica Mutual Insurance Company*

Chadbourne & Parke LLP

By: _____
Mary A. Lopatto
1200 New Hampshire Ave., NW
Washington, DC 20036
(202) 974-5639
(202) 974-5602 (facsimile)
mlopatto@chadbourne.com

*Attorneys for*
*Fireman's Fund Insurance Company*

Dated: July 20, 2011

SO ORDERED:
_____
7/22/2011

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,

                    Plaintiff,

        -against-                                       No. 6:09-CV-0853 (DNH/GHL)

FIREMAN'S FUND INSURANCE COMPANY,

                    Defendant.
-------------------------------------------------------X
```

## EXHIBIT A

**DECLARATION OF** _____

I, _____, being duly sworn, state that:

(i) My address is _____.

(ii) My present employer is _____
and the address of my present employment _____
_____

(iii) I have received a copy of the Stipulated Protective Order Regarding Confidential Information and Information ("Order") in this case dated _____, 2011.

(iv) I have read and understand the provisions of the Order.

(v) I will comply with all of the provisions of the Order.

(vi) I will hold in confidence and not disclose to anyone other than my support staff all documents and information designated "Confidential," or similarly designated, that are disclosed to me under the Order.

(vii) I will return all documents and information designated "Confidential," or similarly designated, and all copies thereof, which come into my possession, to the attorneys for the party by whom I am employed or retained, or to the attorney from which I received the documents and information. I will not distribute or otherwise disseminate to any third party any documents or information that I prepare that relate to any documents or information designated "Confidential" or bearing a similar designation.

    (viii)    I understand that if I violate the provisions of this Order, I may be subject to sanctions, including contempt proceedings, by the Court and that the parties, or anyone one of them, may assert other remedies against me.

    (ix)    I consent to the exercise of personal jurisdiction over myself by the United States District Court for the Northern District of New York for the purpose of enforcing this Order.

Date: _____

_____
DECLARANT