

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL    703 • 714 • 7642
FAX   703 • 918 • 4050

SYED S. AHMAD
DIRECT DIAL: 703-714-7676
EMAIL: sahmad@hunton.com

January 25, 2012

**V**IA **ECF**
The Honorable George H. Lowe
Magistrate Judge
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
100 S. Clinton Street
Federal Building and U.S. Courthouse
Syracuse, NY  13261-7346

Re:   Utica Mut. Ins. Co. v. Fireman's Fund Ins. Co., No. 6:09-CV-0853 (DNH/GHL)

Dear Magistrate Judge Lowe:

On behalf of Utica Mutual Insurance Company, we write to request a pre-motion conference pursuant to Local Rule 7.1(b)(2).

Fireman's Fund Insurance Company ("FFIC") has failed to provide responsive information that is directly at issue because of FFIC's arguments and affirmative defenses. The parties have met and conferred regarding FFIC's objections, including on two conference calls, and have not been able to resolve the disputes. Accordingly, Utica intends to file a motion to compel FFIC to produce all information responsive to Utica's discovery requests.

## I.   FFIC'S DIRECT INSURANCE MATERIAL

FFIC has sought discovery about Utica's handling of the underlying asbestos claims but has categorically objected to providing to Utica information about FFIC's handling of the same claims. As explained below, FFIC's objection is meritless and Utica intends to file a motion to compel the production of these documents.

As this Court is aware, Utica issued liability policies to Goulds Pumps, Inc. FFIC also issued liability policies to Goulds. Utica's and FFIC's liability policies issued to Goulds are often referred to as "direct insurance". In addition to issuing direct insurance policies to Goulds, FFIC reinsured certain of Utica's umbrella liability policies that covered Goulds.

In this case, FFIC alleges that it does not have to pay under the reinsurance agreements based on Utica's handling of certain asbestos claims asserted against Goulds. FFIC Answer (Dkt. No. 33) ¶ 61. FFIC has also questioned Utica's settlement with Goulds regarding coverage

**HUNTON&**
**WILLIAMS**

Magistrate Judge George H. Lowe
January 25, 2012
Page 2

under the Utica umbrella policies. *Id.* ¶¶ 57, 59-63. FFIC has sought discovery about Utica's handling of the Goulds asbestos claims and the settlement between Utica and Goulds.

However, FFIC has refused to provide information about its own handling of the Goulds asbestos claims and the coverage under its direct insurance for those claims. Because FFIC also directly insured Goulds, Goulds sought coverage from FFIC for the asbestos claims – the same kinds of claims that Utica has been handling. And, also like Utica, FFIC was a party in a case in California state court regarding FFIC's obligations under its direct insurance to provide coverage for the asbestos claims, among other things. Utica is entitled to information about FFIC's handling of the Goulds claims for at least two reasons.

First, the information about the Goulds claims is plainly relevant, as demonstrated by FFIC itself relying on and considering the same information in evaluating its obligations under the reinsurance agreements with Utica. By way of example based on the limited documents that FFIC has produced, after receiving material for Utica's reinsurance claim, FFIC described its handling of the asbestos claims and Utica's reinsurance claim as "similar matters" and, consequently, concluded that the company should coordinate its positions on those matters. Ex. 1. Likewise, just after FFIC assigned Cristy Bresson as the adjuster for Utica's reinsurance claim, Ms. Bresson sought a copy of the FFIC's file for its direct insurance of Goulds. Ex. 2. Ms. Bresson also visited the office of the adjuster who handled the Goulds claims, reviewed his file, and found the review "very helpful". Ex. 3 at FFIC 0012291. Now, FFIC refuses to produce those files. Having previously acknowledged that its direct insurance information was relevant to its evaluation of Utica's reinsurance claim, FFIC cannot now claim that the information is somehow irrelevant.

Second, given FFIC's arguments and defenses related to the asbestos claims, FFIC's own handling of those very claims is directly relevant and subject to discovery to analyze FFIC's complaints regarding Utica's conduct in handling those same claims. The dispute between Utica and Goulds involved many coverage issues, such as choice of law and allocation of the losses to the various Goulds policies, all of which impacted Utica's exposure for the claims. The litigation between FFIC and Goulds also involved choice of law and allocation disputes, among other things. And like Utica, FFIC itself recently settled the coverage dispute with Goulds. Accordingly, FFIC's handling of the Goulds claims – including FFIC's recent settlement with Goulds – is directly relevant to FFIC's claims in this Court about the settlement between Utica and Goulds related to the same claims. *See In re Liquidation of Midland Ins. Co.*, 87 A.D.3d 487, 490-91 (N.Y. App. Div. 2011) (affirming discovery of reinsurer's direct handling of underlying claims because such evidence was "relevant inasmuch as it is offered to refute [the reinsurer's] claims by showing that [the reinsurer], as a direct insurer in other



Magistrate Judge George H. Lowe
January 25, 2012
Page 3

proceedings, utilized the claims handling methodology it seeks to challenge as a reinsurer in this proceeding"); *Hartford Accident & Indem. Co. v. Argonaut Ins. Co.*, No. 3:06-cv-1813, 2008 U.S. Dist. LEXIS 123465, at *11-13 (D. Conn. Apr. 25, 2008) (granting motion to compel reinsurer's direct insurance information because reinsurer was challenging the cedent's handling, settling, and allocation of underlying claims and reinsurer had directly insured the same underlying claims).

## II.    INFORMATION ABOUT FFIC'S COMMUTATIONS

In addition, FFIC has not provided Utica with any documents regarding FFIC's commutations with its own reinsurers, even though the commutations are the basis for FFIC's late notice defense. According to FFIC, Utica's alleged late notice prejudiced FFIC because it entered into commutations that FFIC contends did not properly value the Goulds claims. FFIC Answer ¶ 55. Utica's discovery requests ask for material related to the commutations and FFIC's late notice defense. *See* Utica's Document Request (Ex. 4) No. 14 (seeking documents regarding reserves for known and potential claims), No. 17 (seeking documents concerning commutations), No. 19 (seeking documents concerning FFIC's alleged prejudice and economic injury). The documents Utica seeks are critical because the commutations information and related material would allow Utica to evaluate and respond to FFIC's late notice defense by determining how all claims were valued, including claims that may not been have reported to FFIC but that FFIC understood – or should have understood – could be reported later.

Accordingly, Utica requests a pre-motion conference pursuant to Local Rule 7.1(b)(2).

Sincerely,

*[signature]*

Syed S. Ahmad

Enclosures

cc:   Mary Lopatto
      Nancy Monarch
      John Finnegan