# EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UTICA MUTUAL INSURANCE COMPANY,     :
                                    :
                    Plaintiff,      :
                                    :
        v.                          :    No. 6:09-CV-0853 (DNH/GHL)
                                    :
FIREMAN'S FUND INSURANCE COMPANY,   :
                                    :
                    Defendant.      :
                                    :
------------------------------------X

## UTICA MUTUAL INSURANCE COMPANY'S DOCUMENT REQUESTS

Pursuant to Federal Rule of Civil Procedure 34, Utica Mutual Insurance Company serves its document requests below.

## DEFINITIONS

1.  "Answer and Counterclaims" means the Answer and Counterclaims filed by Fireman's Fund Insurance Company in the captioned lawsuit on November 2, 2009.

2.  "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise, including any discussions, conferences, conversations, negotiations, agreements, meetings, interviews, conversations, letters, correspondence, notes, facsimiles, electronic mail, memoranda, or other forms of oral or written communications.

3.  "Complaint" means the First Amended Complaint filed by Utica Mutual Insurance Company in the captioned lawsuit on December 22, 2009.

4.  "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5. "Document" means any written, drawn, typed, printed, or other graphic material of any character, however produced or reproduced, or any copy, study, or reproduction thereof, including computer-generated information, information contained on computer hard-drives, disks, or backup tapes, or electronic mail.

6. "FFIC" means Fireman's Fund Insurance Company, its employees, principals, directors, agents, attorneys, other representatives, subsidiaries, affiliates, or predecessor or successor companies.

7. "Goulds Pumps" means Goulds Pumps, Inc., ITT Industries, Inc., including any employees, principals, directors, agents, attorneys, other representatives, subsidiaries, affiliates, or predecessor or successor companies of Goulds Pumps, Inc. or ITT Industries, Inc.

8. "Herbert Clough" means Herbert Clough, Inc., its employees, principals, directors, agents, attorneys, other representatives, subsidiaries, affiliates, or predecessor or successor companies.

9. "Reinsurance Certificates" means the seven reinsurance certificates referenced in paragraph 11 in the Complaint.

10. "Settlement Agreement" means the settlement agreement entered into between Utica Mutual and Goulds Pumps on or about February 20, 2007, concerning the Underlying Coverage Litigation.

11. "Underlying Asbestos Claims" means the claims or lawsuits against Goulds Pumps in which claimants or plaintiffs alleged injury from exposure to asbestos.

12. "Underlying Coverage Litigation" means the lawsuits styled *Cannon Electric, Inc. et al. v. Affiliate FM Ins. Co., et al.*, No. BC290354 (California Superior Court, Los

Angeles) or *Utica Mutual Ins. Co. v. Goulds Pumps, Inc.*, No. 2003-00272 (New York Superior Court, County of Oneida).

13. "Utica Mutual" means Utica Mutual Insurance Companies, its employees, principals, directors, agents, attorneys, other representatives, subsidiaries, affiliates, or predecessor or successor companies.

14. "You" or "your" means FFIC or FFIC's, respectively.

## INSTRUCTIONS

1. The use of the singular form of any word should be interpreted as the plural and vice versa.

2. If any document is not or cannot be produced in full, you are to produce the document to the extent possible, indicating which portion of such document is not or cannot be produced and the reason thereof.

3. In producing documents, you are to produce an exact copy of the original, together with all non-identical copies and drafts of such documents. Each document shall be bound, stapled, or otherwise organized in the same manner as the original. Documents attached to each other shall not be separated.

4. If any requested documents have been lost, destroyed, or are otherwise no longer in your possession, custody, or control, such documents or material shall be identified as completely as possible.

## REQUESTS FOR PRODUCTION

1. All documents identified in FFIC's initial disclosures served on December 29, 2009, including in any amendment, supplementation, or modification of the disclosures.

2. The Reinsurance Certificates.

3. All documents and communications concerning the Reinsurance Certificates, including documents and communications concerning the "recent discovery" of the 1973 certificate, as alleged in paragraph 6 of the Answer and Counterclaims.

4. All documents and communications exchanged between FFIC on the one hand and Utica Mutual or Herbert Clough on the other hand concerning the Reinsurance Certificates, including those concerning the negotiation, procurement, and execution of the Reinsurance Certificates and any underwriting files.

5. All documents and communications concerning the allegation in paragraph 9 of the Answer and Counterclaims that Herbert Clough, Inc. acted as Utica Mutual's agent in soliciting and obtaining facultative reinsurance from FFIC.

6. All documents and communications concerning the Underlying Asbestos Claims, the Underlying Coverage Litigation, the Settlement Agreement, including settlement negotiations between Utica Mutual and Goulds Pumps to resolve the disputes in the Underlying Coverage Litigation, the Reinsurance Certificates, or Utica Mutual's reinsurance billings under the Reinsurance Certificates.

7. All documents and communications exchanged between FFIC and Utica Mutual concerning the Underlying Asbestos Claims, the Underlying Coverage Litigation, the settlement negotiations between Utica Mutual and Goulds Pumps to resolve the disputes in the Underlying Coverage Litigation, the Settlement Agreement, the Reinsurance Certificates, Utica Mutual's reinsurance billings under the Reinsurance Certificates, or any allegation in the Answer and Counterclaims or the Complaint.

8. All documents and communications exchanged between FFIC and Goulds Pumps concerning the Underlying Asbestos Claims, the Underlying Coverage Litigation, settlement

negotiations between Utica Mutual and Goulds Pumps to resolve the disputes in the Underlying Coverage Litigation, the Settlement Agreement, or any allegation in the Answer and Counterclaims or the Complaint.

9. All documents and communications reflecting, relating to, referencing, or concerning any consideration by FFIC of Utica Mutual's reinsurance billings under the Reinsurance Certificates, including documents and communications concerning information or documents FFIC requested from Utica Mutual in connection with reviewing Utica Mutual's reinsurance billings under the Reinsurance Certificates and documents and communications concerning FFIC's audit of Utica Mutual's files in April 2009, referenced in paragraph 17 of the Answer and Counterclaims.

10. All documents and communications concerning information or documents Utica Mutual provided to FFIC concerning the Underlying Asbestos Claims, the Underlying Coverage Litigation, the settlement negotiations between Utica Mutual and Goulds Pumps to resolve the disputes in the Underlying Coverage Litigation, the Settlement Agreement, Utica Mutual's reinsurance billings under the Reinsurance Certificates, or any allegation in the Answer and Counterclaims or the Complaint.

11. All documents, communications, and files involving Gary Ibello, Cristy Bresson, James Fry, Garrett Redmond, Rahul Mehta, Jeff Svestka, Brian Hake, Martin Cholewa, John Bourke, William Lutter, or Jacques Dard concerning the Underlying Asbestos Claims, the Underlying Coverage Litigation, the settlement negotiations between Utica Mutual and Goulds Pumps to resolve the disputes in the Underlying Coverage Litigation, the Settlement Agreement, the Reinsurance Certificates, Utica Mutual's reinsurance billings under the Reinsurance Certificates, or any allegation in the Answer and Counterclaims or the Complaint.

12. All documents and communications concerning any agreement or arrangement under which any payment by FFIC for Utica Mutual's reinsurance billings under the Reinsurance Certificates will be, or could have been, reimbursed or paid, directly or indirectly, by another party, in whole or in part.

13. All documents and communications exchanged between FFIC and any insurer or retrocessionaire of FFIC concerning the Underlying Asbestos Claims, the Underlying Coverage Litigation, the settlement negotiations between Utica Mutual and Goulds Pumps to resolve the disputes in the Underlying Coverage Litigation, the Settlement Agreement, Utica Mutual's reinsurance billings under the Reinsurance Certificates, or any allegation in the Answer and Counterclaims or the Complaint.

14. All documents and communications concerning reserves set up concerning any claim or potential claim under the Reinsurance Certificates.

15. All documents and communications concerning each affirmative defense in the Answer and Counterclaims.

16. All documents and communications concerning FFIC's contention in its initial disclosures served on December 29, 2009, that "notice of the Goulds claims should have been provided" in 1997.

17. All documents and communications concerning the commutations referenced in paragraph 29 of the Answer and Counterclaims, including the allegation in paragraph 29 that "the Goulds' claim was not reserved or valued in the commutations."

18. All documents and communications concerning the prejudice and "tangible economic injury" alleged in paragraph 29 of the Answer and Counterclaims.

19. All documents and communications concerning the allegation in paragraph 46 of the Answer and Counterclaims that the 1973 certificated reinsured the umbrella policy "from … July 1, 1972 to January 1, 1973."

20. All documents and communications concerning the allegations in paragraph 47 of the Answer and Counterclaims that "FFIC agreed to issue the Certificates based upon statements and representations by Utica concerning the terms of Utica's primary and umbrella policies" and that FFIC "relied upon the Schedules of Underlying Insurance in the Utica umbrella policies for 1968 to 1973, as well as on other underwriting information that was provided to FFIC…."

21. All documents and communications concerning the allegation in paragraph 49 of the Answer and Counterclaims that "FFIC would not have issued the Certificates without having a schedule of the underlying insurance and without knowing at which limits or excess points the umbrella policies would attach."

22. All documents and communications concerning the allegation in paragraph 56 of the Answer and Counterclaims that the "absence of aggregate products limits for bodily injury in the primary policies was material to FFIC's decision to reinsured Utica's umbrella policies."

23. All documents and communications concerning the allegation in paragraph 59 of the Answer and Counterclaims that Utica Mutual "made the misrepresentations and concealed material information in order to deceive FFIC and/or to induce FFIC to issue the Certificates."

24. All documents and communications concerning the allegation in paragraph 60 of the Answer and Counterclaims that the alleged "misrepresentations and concealment of material information induced FFIC to issue the Certificates."

25. All documents and communications concerning the allegation in paragraph 61 of the Answer and Counterclaims that "FFIC issued the Certificates in reasonable reliance on the foregoing material misrepresentations and material nondisclosures."

26. All documents and communications concerning the allegation in paragraph 62 of the Answer and Counterclaims that "FFIC would not have issued the Certificates or not have issued the Certificates on the same terms had Utica not made the foregoing material misrepresentations or concealed material information."

27. All documents and communications concerning the allegation in paragraph 63 of the Answer and Counterclaims that FFIC has been "exposed to greater risks than those which it intended to accept under the Certificates."

28. All documents and communications concerning any limits under any primary policy issued by Utica Mutual to Goulds Pumps that provided coverage for any period between May 31, 1966 to July 1, 1973.

29. All documents and communications concerning FFIC's internal presentations, bulletins, manuals, memoranda, or directives regarding risks FFIC would accept under reinsurance certificates issued to cedents.

30. All pleadings, motions, briefs, transcripts, correspondence, discovery requests, discovery responses, and documents exchanged in discovery in connection with any lawsuit filed in the last 10 years involving a reinsurance agreement in which FFIC was found liable for denying payment to its cedent.

31. All pleadings, motions, briefs, transcripts, correspondence, discovery requests, discovery responses, and documents exchanged in discovery in connection with any lawsuit filed in the last 10 years involving a reinsurance agreement in which a party alleged that FFIC

breached or violated the duty of good faith, the duty of utmost good faith, or the duty of *uberrimae fide*.

32. FFIC's financials statements or profit and loss statements for 1998 through 2008, including balance sheets and monthly, quarterly, or annual reports about assets, liabilities, reserves, and surplus.

33. All documents referred to, used in answering, or that you were asked to identify, in Utica Mutual's Interrogatories to FFIC.

34. All documents and communications concerning any request for admission that Utica Mutual serves on FFIC in the captioned litigation that FFIC does not admit in its entirety.

35. All documents concerning any person you expect to call as an expert witness at trial, including all documents reflecting the expert witness' opinions, grounds for the opinions and documents relied upon in forming such opinions, including documents prepared by FFIC's inside and outside counsel.

36. All documents FFIC intends to use at any deposition in this proceeding or to offer into evidence at trial.

Dated: New York, New York
       January 11, 2010

                                    HUNTON & WILLIAMS LLP

                              BY:   *[signature: Syed S. Ahmad]*
                                    Walter J. Andrews (admitted *pro hac vice*)
                                    Syed S. Ahmad (admitted *pro hac vice*)
                                    1751 Pinnacle Drive
                                    Suite 1700
                                    McLean, Virginia 22102
                                    Tel: (703) 714-7400
                                    wandrews@hunton.com
                                    sahmad@hunton.com

- and -

Joseph J. Saltarelli
(N.D.N.Y Bar No. 103265)
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
jsaltarelli@hunton.com

*Attorneys for Plaintiff*
*Utica Mutual Insurance Company*


TO:   John F. Finnegan, Esq.
      Chadbourne & Parke LLP
      30 Rockefeller Plaza
      New York, New York 10112-0127

      - and -

      Mary A. Lopatto, Esq.
      Chadbourne & Parke LLP
      1200 New Hampshire Avenue, NW
      Washington, District of Columbia 20036

      *Attorneys for Defendant*
      *Fireman's Fund Insurance Company*

## **DECLARATION OF SERVICE**

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk at the law firm of Hunton & Williams LLP, attorneys for Plaintiff Utica Insurance Company.

That on January 11, 2010, I served a true copy of the attached UTICA MUTUAL INSURANCE COMPANY'S DOCUMENT REQUESTS on counsel of record, at the addresses listed below, via First-Class Mail, by depositing the same in a duly-enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America, within the State of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2010.

Bradford C. Mulder

TO: John F. Finnegan, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112-0127

- and -

Mary A. Lopatto, Esq.
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, District of Columbia 20036

*Attorneys for Defendant
Fireman's Fund Insurance Company*