CHADBOURNE
& PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**John F. Finnegan**
direct tel +1 212 408 5180
jfinnegan@chadbourne.com

March 20, 2012

**BY ECF**

Hon. Therese Wiley Dancks,
 United States Magistrate Judge
United States District Court,
 Northern District of New York
100 S. Clinton Street
Federal Building and U.S. Courthouse
Syracuse, NY  13261-7346

      Re:  Utica Mutual Ins. Co. v. Fireman's Fund Ins. Co.
           6:09-cv-00853 DNH-TWD

Dear Judge Dancks:

    We represent the defendant, Fireman's Fund Insurance Company ("FFIC"), in the above-referenced action. We write to request a conference during which we plan to ask the Court for leave to submit supplemental briefing (not to exceed 10 pages) on plaintiff's pending (fully briefed) motion seeking the return of a handful of allegedly privileged documents that plaintiff has asserted were inadvertently produced to FFIC. Plaintiff's reply papers on the motion for a protective order (seeking the documents' return) were filed on November 15, 2011.

    On March 15, 2012, the Second Circuit Court of Appeals affirmed a ruling by District Judge (now Senior District Judge) Alvin Hellerstein to unseal portions of the record in a proceeding in which Utica Mutual Insurance Company ("Utica") had sought to disqualify Chadbourne & Parke LLP as counsel for R&Q Reinsurance Company ("R&Q"). The SDNY proceeding was captioned *Application of Utica Mutual Ins. Co. for an Order Disqualifying Chadbourne & Parke LLP, 10-cv-2669 (AKH)*. A copy of the Second Circuit's decision is enclosed.

    We believe that this development -- the unsealing of aspects of the SDNY record -- will make public information that was not earlier available and that the newly available information is relevant to determining whether Utica exercised appropriate care to preserve privilege. We also believe that the newly available information will moot Utica's motion to strike aspects of FFIC's opposition papers.



CHADBOURNE
& PARKE LLP

Hon. Therese Wiley Dancks,                    -2-                          March 20, 2012

    We are unaware of any established procedure for bringing newly available, material information to the Court's attention while a motion is *sub judice*, which is why we are asking for a conference.   We would like to discuss the appropriate procedure with the Court.

    Respectfully,

    John F. Finnegan

cc:  Walter Andrews, Esq.
     Syed Ahmad, Esq.
     Mary Lopatto, Esq.
     Nancy Monarch, Esq.

Enclosure

```
10-4164-cv
App. of Utica Mutual v. INA Reinsurance
```

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1       At a stated term of the United States Court of Appeals
 2  for the Second Circuit, held at the Daniel Patrick Moynihan
 3  United States Courthouse, 500 Pearl Street, in the City of
 4  New York, on the 15th day of March, two thousand twelve.
 5
 6  PRESENT: JOSEPH M. McLAUGHLIN,
 7           BARRINGTON D. PARKER,
 8           RICHARD C. WESLEY,
 9                Circuit Judges.
10  _____
11
12  APPLICATION OF UTICA MUTUAL INSURANCE COMPANY, FOR AN ORDER
13  PURSUANT TO C.P.L.R. 7503(b) STAYING ARBITRATION OF A
14  CERTAIN CONTROVERSY AND DISQUALIFYING CHADBOURNE & PARKE LLP
15  FROM REPRESENTING INA REINSURANCE COMPANY N/K/A R&Q
16  REINSURANCE COMPANY IN THE ARBITRATION,
17
18                Petitioner-Appellant,
19
20       v.                                           10-4164-cv
21
22  INA REINSURANCE COMPANY N/K/A R&Q REINSURANCE COMPANY,
23
24                Respondent-Appellee,
25
26  and
27
28  CHADBOURNE & PARKE LLP,
29
30                Respondent.
31
32  _____
33
```

```
 1    FOR APPELLANT:      ROBERT MORROW, Hunton & Williams LLP, New
 2                        York, NY (Walter J. Andrews, Syed S.
 3                        Ahmad, Hunton & Williams LLP, McLean, VA,
 4                        on the brief)
 5
 6    FOR APPELLEE:       JOHN F. FINNEGAN, Chadbourne & Parke
 7                        LLP, New York, NY (Philip Goodman, Kate
 8                        McSweeny, Chadbourne & Parke LLP,
 9                        Washington, DC, on the brief)
10
11         Appeal from the United States District Court for the
12    Southern District of New York (Hellerstein, J.).
13
14         UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
15    AND DECREED that the judgment of the United States District
16    Court for the Southern District of New York is AFFIRMED.
17         Appellant Utica Mutual Insurance Company ("Utica")
18    appeals from a judgment of the United States District Court
19    for the Southern District of New York (Hellerstein, J.),
20    denying Utica's motion to disqualify Chadbourne & Parke LLP
21    ("Chadbourne") as counsel for Appellee INA Reinsurance
22    Company ("R&Q") in an arbitration dispute between Utica and
23    R&Q.  Utica also challenges the district court's discovery
24    prophylaxis, and it's unsealing of certain confidential,
25    non-privileged information underlying Utica's motion to
26    disqualify Chadbourne.  We assume the parties' familiarity
27    with the underlying facts, the procedural history, and the
28    issues presented for review.
29
```

1   The denial of a motion to disqualify counsel is
2   reviewable only for abuse of discretion.  *Bobal v.*
3   *Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.
4   1990).  In light of the limited facts and issues presented
5   for our review, we find that the district court did not
6   abuse its discretion in denying Utica's motion to disqualify
7   Chadbourne.  In coming to this conclusion, we emphasize that
8   we take no position as to whether the district court should
9   have applied New York State law considering that this
10  proceeding was removed from New York State court and
11  addresses only whether disqualification is appropriate.  We
12  also take no position as to whether an ethical wall can be
13  sufficient to rebut the presumption of disqualification of a
14  law firm where the conflicted attorney possesses material
15  information about a former client.  *See, e.g., Kassis v.*
16  *Teacher's Ins. & Annuity Ass'n.*, 93 N.Y.2d 611, 616-17
17  (1999).  Utica did not raise these issues below or on
18  appeal, and we decline to consider them now in the first
19  instance.
20      Next, we reject Utica's assertion that the district
21  court's discovery prophylaxis was "incomplete."  The
22  district court's discovery prophylaxis was irrelevant to the

1  disqualification motion and was voluntarily accepted by R&Q.
2  Utica has no basis to challenge it on appeal.
3     Finally, the district court did not abuse its
4  discretion in unsealing the record.  To determine whether
5  documents should be placed under seal, a court must balance
6  the public's interest in access to judicial documents
7  against the privacy interests of those resisting disclosure.
8  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d
9  Cir. 2006).  The decision to seal the record "is one best
10 left to the sound discretion of the trial court, a
11 discretion to be exercised in light of the relevant facts
12 and circumstances of the particular case." *Nixon v. Warner
13 Comm., Inc.*, 435 U.S. 589, 599 (1978).  Here, the district
14 court concluded that Utica's *in camera* and privileged
15 submissions will remain under seal.  The district court did
16 not abuse its discretion in determining that the public's
17 interest in access to other non-privileged documents
18 outweighed Utica's privacy interests in keeping those
19 documents sealed.
20    We have considered Utica's remaining arguments and,
21 after a thorough review of the record, find them to be
22 without merit.

1    For the foregoing reasons, the judgment of the district
2    court should be **AFFIRMED**.
3                            FOR THE COURT:
4                            Catherine O'Hagan Wolfe, Clerk

*[signature and seal: Catherine O'Hagan Wolfe, United States Second Circuit Court of Appeals]*