

HUNTON & WILLIAMS LLP
1751 PINNACLE DRIVE
SUITE 1700
MCLEAN, VIRGINIA 22102

TEL   703 • 714 • 7400
FAX   703 • 918 • 4050

SYED S. AHMAD
DIRECT DIAL: 703-714-7676
EMAIL: sahmad@hunton.com

April 13, 2012

**Via ECF**
The Honorable Therese Wiley Dancks
United States District Court
  for the Northern District of New York
Federal Building and U.S. Courthouse
PO Box 7346
Syracuse, NY 13261

Re:   Utica Mutual Ins. Co. v. Fireman's Fund Ins. Co.,
      No. 6:09-CV-0853 (DNH/TWD)

Dear Judge Dancks:

We are counsel for Utica Mutual Insurance Company in the captioned lawsuit.

In connection with the Court's *in camera* review of the six documents identified in Utica's Memorandum of Law in Support of Utica's Motion for Protective Order at page 2, footnote 1 and pursuant to Your Honor's April 10, 2012 Text Order, we request that the Court allow Utica to submit the following additional information for *in camera* review:

(1) *In Camera* Declaration of Bernard J. Turi in Support of Utica Mutual Insurance Company's Motion for Protective Order; and

(2) *In Camera* Declaration of Syed S. Ahmad in Support of Utica Mutual Insurance Company's Motion for Protective Order.

First, these *in camera* submissions are necessary to identify the portions of the six documents over which Utica claims the privilege that is at issue in the pending motion. *See Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73 (N.D.N.Y. 2003) (Treece, J.) (requiring party to submit privileged documents for *in camera* inspection and "identify on the documents what portion of the document is deemed protected and why"); *Medina v. Hunt*, No. 9:05-cv-1460, 2008 WL 398439, at *5 (N.D.N.Y. Feb. 11, 2008) (Lowe, J.) (requiring party to submit privileged documents for *in camera* review and to specifically indicate which parts of the documents party believed was privileged).

The Honorable Therese Wiley Dancks
April 13, 2012
Page 2

Second, the *in camera* submissions contain privileged information to support Utica's assertion of privilege. *See Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73 (N.D.N.Y. 2003) (Treece, J.) (requiring party to submit *in camera* affidavit containing explanation of how portion of document submitted in camera was protected by privilege); *Johnson Elec. N. Am. Inc. v. Mabuchi N. Am. Corp.*, No. 88-cv-7377, 1996 WL 191590, at *2 (S.D.N.Y. Apr. 19, 1996) (noting *in camera* testimony taken by district judge to resolve privilege claim); *Children First Foundation, Inc. v. Martinez*, No. 1:04-cv-0927, 2007 WL 4344915, at *3 (N.D.N.Y. Dec. 10, 2007) (Treece, J.) (court required party to submit *in camera* affidavits to support assertion of privilege over documents submitted for *in camera* review); *Hammond v. Goodyear Tire & Rubber Co.*, 933 F. Supp. 197, 198 (N.D.N.Y. 1996) (Hurd, J.) (court reviewed *in camera* affidavits and supporting documents); *Hall v. Voyagers Int'l Tours, Inc.*, 2007 WL 2088878, at *2 (N.D.N.Y. July 19, 2007) (requiring party to produce documents to court for *in camera* review accompanied by declaration supporting assertion of privilege); *Marsh v. Safir*, No. 99-cv-8605, 2000 U.S. Dist. LEXIS 5138, at *42-43 (S.D.N.Y. Apr. 20, 2000) (noting that federal courts "have long recognized the appropriateness and value of *in camera* review of materials that disclose to the court the substance of assertedly privileged information"); *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) (recognizing that *in camera* submissions were appropriate where necessary to preserve secrecy and affirming district court's review of *in camera* affidavit submitted to support claim of crime-fraud exception to attorney-client privilege); *In re John Doe Corp. v. United States*, 675 F.2d 482, 490 (2d Cir. 1982) ("Where conflicting claims about the confidentiality of evidentiary materials arise in preliminary proceedings, in camera submissions provide a method of judicial resolution which preserves confidentiality when justified.").

If the Court provides written approval for the *in camera* submission of these two declarations, Utica will submit them to the Court immediately.

Respectfully submitted,

Syed S. Ahmad

cc:   Mary Lopatto