# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**John F. Finnegan**
direct tel +1 212 408 5180
jfinnegan@chadbourne.com

April 16, 2012

**BY ECF**

Hon. Therese Wiley Dancks,
 United States Magistrate Judge
United States District Court,
 Northern District of New York
100 S. Clinton Street
Federal Building and U.S. Courthouse
Syracuse, NY  13261-7346

      Re:  Utica Mutual Ins. Co. v. Fireman's Fund Ins. Co.
          6:09-cv-00853 DNH-TWD

Dear Judge Dancks:

    We represent the defendant, Fireman's Fund Insurance Company ("FFIC").  FFIC opposes plaintiff's April 13, 2012 letter motion, in which plaintiff, Utica Mutual Insurance Company ("Utica"), belatedly seeks leave to submit *in camera* two declarations in support of Utica's September 21, 2011 motion for a protective order.

    According to Utica, the *in camera* declarations are needed "to identify the *portions* of the six documents [at issue] over which Utica claims .... privilege."  (Italics added.)  There is a simpler, more efficient way to achieve Utica's stated purpose.  The Court could instruct Utica to submit copies of the six documents highlighting the portions claimed by Utica to be privileged.

    Utica also asserts that the two *in camera* declarations are needed "to support Utica's assertion of privilege."  If true, this "justification" for the *in camera* submission establishes only that each of the two declarations is seven months late.  Utica was required, when it filed its motion for a protective order, to establish with competent proof that each document at issue was privileged and that privilege had not been waived with respect to those materials.  Thus, the appropriate time for Utica to seek leave to submit two declarations *in camera* was in September 2011 (or earlier), not now, seven months later, after the motion has been fully briefed and is *sub judice*.  If Utica failed to support its motion properly last September (by adducing proof then that each of the six documents is privileged), the Court should deny both Utica's request to submit declarations *in camera* as well as Utica's request for a protective order.



# CHADBOURNE
## & PARKE LLP

Hon. Therese Wiley Dancks,                -2-                            April 16, 2012

      Utica cannot seek solace in any of the nine cases cited by it in its letter brief. Those cases either are inapposite -- for example, two deal with the sanctity accorded grand jury proceedings[1] -- or provide support merely for broad, uncontroversial propositions -- for example, in *Medina v. Hunt*, No. 9605-cv-1460, 2008 WL 398439, at *5 (N.D.N.Y Feb. 11, 2008), Magistrate Judge Lowe simply directed the proponent of privilege to identify in its motion papers which portions of the documents it claimed were privileged.

      Insofar as any of the cases cited by Utica are genuinely relevant, the cases undermine Utica's position. By way of illustration, in *Hall v. Voyagers Int'l Tours, Inc.*, No. 5:02-cv-1375, 2007 WL 2088878, at *2 (N.D.N.Y. July 19, 2007), Judge Mordue directed defendant to file a motion seeking a protective order if defendant intended to pursue a claim of privilege and to include <u>in its initial motion papers</u> a "detailed declaration specifying the basis for asserting privilege." As applicable here, *Hall* demonstrates that Utica's efforts to submit supporting declarations are untimely, in that Utica's request to do so was made seven months <u>after</u> Utica filed its opening papers on the motion; *Hall* might also establish that Utica's original motion is deficient if, as would appear, Utica now concedes that it did not originally adduce competent proof that any of the six documents at issue is privileged. (If Utica submitted appropriate proof at the outset, then, anything Utica might want to proffer now would be duplicative and therefore should be denied as cumulative.)

      For the foregoing reasons, FFIC asks the Court to deny Utica's April 13, 2012 letter request to submit supplemental declarations *in camera*.

                                                                    Respectfully,

                                                                    John F. Finnegan

cc:  Walter Andrews, Esq.                      (<u>By</u> <u>ECF</u>)
     Syed Ahmad, Esq.                           (<u>By</u> <u>ECF</u>)
     Patrick McDermott, Esq.                 (<u>By</u> <u>ECF</u>)
     Mary Lopatto, Esq.                        (<u>By</u> <u>ECF</u>)
     Nancy Monarch, Esq.                      (<u>By</u> <u>ECF</u>)

---

[1] Those cases are: *In re John Doe, Inc.*, 13 F.3d 633 (2d Cir. 1994) and *John Doe Corp. v. United States*, 675 F.2d 482 (2d Cir. 1982).

CPAM: 4634403.1