UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UTICA MUTUAL INSURANCE COMPANY,      :
:
  Plaintiff,     :
:     No. 6:09-CV-0853 (DNH/TWD)
v.     :
:
FIREMAN'S FUND INSURANCE COMPANY,     :
:
  Defendant.     :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**UTICA MUTUAL INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON
FFIC'S LATE-NOTICE DEFENSE MOTION**

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

III. ARGUMENT..........................................................................................................................3

    A. FFIC's Cannot Rely On Its Commutations To Establish Prejudice. ........................3

    B. Even If FFIC's Commutations Can Constitute Prejudice, The
       Commutations Provide A Partial Defense, Not A Complete Defense.....................7

       1. Under Contract Law and Reinsurance Law, Commutations
          May Provide A Partial Defense But Not A Complete Defense. ...................7

       2. The Duty Of Utmost Good Faith Does Not Entitle FFIC To A
          Windfall. .......................................................................................................11

IV. CONCLUSION.....................................................................................................................12

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bank of N.Y. Mellon Trust Co., Nat'l Assoc. v. Morgan Stanley Mortg. Cap., Inc.*,
    2013 WL 3146824 (S.D.N.Y. June 19, 2013) ............................................................................9

*British Ins. Co. of Cayman v. Safety Nat. Cas.*,
    335 F.3d 205 (3d Cir. 2003) ......................................................................................................9

*Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assoc., P.C.*,
    692 N.E.2d 551 (N.Y. 1998) .....................................................................................................7

*Christiania Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.*,
    979 F.2d 268 (2d Cir. 1992) ...........................................................................................8, 9, 10

*Freund v. Washington Square Press, Inc.*,
    314 N.E.2d 419 (N.Y. 1974) .....................................................................................................8

*Global Reins. Corp. v. Argonaut Ins. Co.*,
    548 F. Supp. 2d 104 (S.D.N.Y. 2008) .......................................................................................9

*Goodstein Const. Corp. v. City of N.Y.*,
    604 N.E.2d 1356 (N.Y. 1992) ...................................................................................................7

*Gosden v. Elmira City Sch. Dist.*,
    90 A.D.3d 1202 (N.Y. App. Div. 2011) ..............................................................................8, 10

*Granite State Ins. Co. v. Clearwater Ins. Co.*,
    2014 WL 1285507 (S.D.N.Y. Mar. 31, 2014) ..........................................................................9

*Ins. Co. of Ir., Ltd. v. Mead Reins. Corp.*,
    1994 WL 605987 (S.D.N.Y. Nov. 4, 1994) ..............................................................................5

*Ins. Co. of State of Pa. v. Argonaut Insurance Co.*
    2013 WL 4005109 (S.D.N.Y. Aug. 6, 2013) .........................................................................5, 6

*Ins. Co. of State of Pa. v. Associated Int'l Ins. Co.*,
    922 F.2d 516 (9th Cir. 1990) ............................................................................................passim

*Munich Reins. Am., Inc. v. Am. Nat'l Ins. Co.*,
    936 F. Supp. 2d 475 (D.N.J. 2013) .......................................................................................5, 9

*Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*,
    392 F.3d 520 (2d Cir. 2004) ......................................................................................................7

## **TABLE OF CONTENTS (Cont')**

**Page**

*New Hampshire Ins. Co. v. Clearwater Ins. Co.*,
   2013 NY Slip Op. 32812(U) ...................................................................................5

*NewCap Ins. Co. v. Employers Reins. Corp.*,
   295 F. Supp. 2d 1229 (D. Kan. 2003) ......................................................................9

*Owens-Corning Fiberglas Corp. v. Am. Centennial Ins. Co.*,
   660 N.E.2d 770 (Ohio Ct. Common Please 1995) ...........................................3, 4, 5

*Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*,
   2002 WL 32500922 (D. Conn. Sept. 4, 2002) .........................................................5

*Sec. Mut. Cas. Co. v. Century Cas. Co.*,
   531 F.2d 974 (10th Cir. 1976) .......................................................................7, 8, 11

*Travelers Ins. Co. v. Central Nat'l Ins. Co. of Omaha*,
   733 F. Supp. 522 (D. Conn. 1990) ...........................................................................5

*Unigard Sec. Ins. Co. v. N. River Ins. Co.*,
   594 N.E.2d 571 (N.Y. 1992) ...............................................................................8, 10

*U.S. Fid. & Guar. v. Am. Reins. Co.*
   985 N.E.2d 876, 882 (N.Y. 2013) ............................................................................3

*Wakeman v. Wheeler & Wilson Mfg. Co.*,
   101 N.Y. 205 (N.Y. 1886) ........................................................................................7

I.     INTRODUCTION

FFIC contends that Utica's alleged breach of the notice provision in the reinsurance contracts caused FFIC to obtain less in commutations than FFIC would have received otherwise because, according to FFIC, it could not factor Utica's claim into FFIC's commutation discussions with third parties. However, FFIC's commutations – *i.e.*, its decisions to settle with its own reinsurers – solely involved FFIC's internal finances, were based solely on its own agreements with its own reinsurers and not the reinsurance contracts between Utica and FFIC, and did not involve Utica or any other FFIC reinsured. The Court should therefore refuse to allow FFIC to use its commutations as an excuse to avoid paying Utica's billings.

Alternatively, even if FFIC could use its commutations to avoid payment of Utica's billings, those commutations would provide only a partial defense to payment, not a complete defense. Under basic contract law, a party is entitled to damages to put it in the position it would have been in had the contract not been breached. FFIC claims that, had Utica complied with the notice provision, FFIC would have recovered a maximum of $19.9 million in its commutations. Therefore, with respect to its contention that Utica's alleged breach of the notice provision caused FFIC $19.9 million in harm, at most, FFIC would be entitled to reduce the amount it owes for Utica's billings by $19.9 million (if FFIC proves all of its claim at trial). FFIC would not be able to use the alleged $19.9 million of harm to avoid paying Utica's entire $35 million billing because that would put FFIC in a far better position than it would have been in had Utica complied with the notice provision (assuming it did not) and would therefore constitute an improper windfall.

And, contrary to FFIC's argument, the mere existence of the duty of utmost good faith in the reinsurance relationship does not entitle FFIC to a windfall based on its commutations. The duty of utmost good faith does not change the remedies available to FFIC for its claim that Utica

1

breached the notice provision. FFIC provides no support for its position and there is none. Instead, the relief available to FFIC based on its claim that Utica breached the notice provision is the same relief available to any other party based on any other contractual breach claim – damages to put FFIC in the position it would have been in had notice provision not allegedly been breached.

## II.   BACKGROUND

Utica's motion addresses two of FFIC's legal claims in this case, both of which are found in FFIC's filings in this litigation: (1) FFIC's claim that Utica's alleged late-notice caused FFIC prejudice because of commutations FFIC entered into with its own reinsurers (Doc. No. 33 ¶ 55); and (2) FFIC's claim that even though it was only allegedly harmed, at most, by $19.9 million, the commutations entitle FFIC to avoid payment of Utica's $35 million billings in full (Doc. No. 256). As shown below the Court should find that FFIC cannot rely on collateral matters like commutations to establish prejudice and, even if it could, those commutations provide a partial defense, not a complete defense.[1]

---

[1] Although not relevant to Utica's motion regarding FFIC's ability to establish prejudice resulting from Utica's alleged late notice – as shown by FFIC's failure to submit a statement of undisputed facts – FFIC needlessly attacks Utica with frivolous assertions and overblown rhetoric. FFIC's attacks have no basis and Utica will respond fully at the appropriate time. For now, Utica responds briefly to the utterly unfounded yet overarching theme of FFIC's submission – that Utica inserted "false provisions" into a settlement agreement between Utica and its policyholder, Goulds Pumps, Inc. that the 1966-1972 primary policies contained aggregate limits in order to recover reinsurance from FFIC. There is absolutely no basis for FFIC's contention.

First, the evidence shows that the 1966-1972 primary policies contained aggregate limits for products coverage. Goulds and all of its other insurers, *including FFIC*, never claimed otherwise in the coverage litigation. So there is nothing false about these settlement provisions. Throughout this case, FFIC has refused to acknowledge this evidence.

Second, until 2008, Utica did not know about FFIC's reinsurance. Thus, Utica could not have inserted the provisions into the 2007 settlement agreement that the 1966-1972 primary policies contained aggregate limits in order to recover reinsurance from FFIC because Utica did not know about FFIC's reinsurance at that time. Rather, at the time of the settlement, Utica thought it would pay, without reinsurance, the

(continued)

### III. ARGUMENT

#### A. FFIC's Cannot Rely On Its Commutations To Establish Prejudice.

In its initial brief, Utica explained why commutations were collateral matters that do not constitute prejudice. The reinsurance contracts between Utica and FFIC set forth the parties' sole obligations to each other. The Court should not allow FFIC to modify the parties' obligations on the basis of FFIC's dealings under contracts it entered into with third parties. In fact, the contracts between Utica and FFIC do not require FFIC to purchase treaty reinsurance from third parties and do not alert Utica that FFIC would do so. FFIC's decisions with respect to its treaty reinsurance with third parties are FFIC's own business decisions for which Utica should not bear the consequences under its agreements with FFIC.

Other courts have properly determined that lost reinsurance recoveries, like commutations, cannot constitute prejudice. *See Ins. Co. of State of Pa. v. Associated Int'l Ins. Co.*, 922 F.2d 516 (9th Cir. 1990); *Owens-Corning Fiberglas Corp. v. Am. Centennial Ins. Co.*, 660 N.E.2d 770, 787 n.20 (Ohio Ct. Common Please 1995). In *Associated International*, the Ninth Circuit found that a lost reinsurance recovery was a "collateral matter" that did not constitute prejudice resulting from late notice. 922 F.2d at 525. Likewise, in *Owens Corning*, the court rejected an insurer's reliance on commutations to establish prejudice resulting from late notice because it was based on the insurer's "internal financial affairs." 660 N.E.2d at 787 n.20.

---

amounts eventually allocated to the parts of the umbrella policies later found to be reinsured by FFIC. Thus, Utica easily meets the test applicable to evaluating the propriety of Utica's billings set forth by the New York Court of Appeals: a reasonable settlement and allocation is one that "the parties to the settlement of the underlying insurance claims might reasonably have arrived at in arm's length negotiations if the reinsurance did not exist." *U.S. Fid. & Guar. v. Am. Reins. Co.*, 985 N.E.2d 876, 882 (N.Y. 2013). Because neither Utica nor Goulds knew about the FFIC reinsurance at the time of the Utica-Goulds settlement, the actual settlement is indisputably one that Utica and Goulds would have reached if the FFIC reinsurance did not exist.

3

This Court should also find that lost reinsurance recoveries are "collateral matters" and "internal financial affairs" that cannot constitute prejudice resulting from a claimed conditions breach.

FFIC's attempt to distinguish these cases fails. With respect to *Associated International*, FFIC says that the Ninth Circuit merely rejected a "presumption" of prejudice. FFIC Br. at 21. Not so. Rather, the Ninth Circuit found, regardless of any presumption applied by the district court, that there was no support for the reinsurer's position that it could use its alleged lost reinsurance recoveries to demonstrate prejudice. 922 F.2d at 525.

FFIC also tries to limit *Associated International* by claiming that in that case "there was no factual basis to conclude that the reinsurer had suffered a collateral loss." FFIC Br. at 21. Yet again, FFIC's limitation goes too far. The Ninth Circuit's holding that the lost reinsurance recovery did not constitute prejudice was not based on Associated's failure to establish a collateral loss. 922 F.2d at 525. Rather, the court based that decision on the simple fact that the alleged lost reinsurance recovery was a "collateral matter" that did not constitute prejudice. *Id.*

Then, subsequent to its holding that the lost reinsurance recovery was a "collateral matter" that did not constitute prejudice and in the context of reviewing "authority that allows an insurer to collect money damages to the extent that they were proximately caused by the late notice," the Ninth Circuit found that it was unnecessary to decide that question in the case before it because Associated had not established the predicate facts for such a recovery. *Id.* But the court's holding refusing to allow Associated to rely on lost reinsurance recoveries to establish prejudice was not limited to any particular facts before the court – rather, it was broadly based on the court's ruling that the lost reinsurance recoveries were "collateral matters" that did not constitute prejudice. *Id.*

With respect to the *Owens-Corning* decision, FFIC contends that the ruling is not relevant because, according to FFIC, the court was addressing the issue of timeliness, not prejudice. FFIC Br. at 22. To the contrary, the court evaluated the insurer's claim that "it was prejudiced because it commuted its reinsurance before it knew about OCF's claims." 660 N.E.2d at 787 n.20. That the prejudice issue arose because prejudice is a factor under Ohio law in determining whether notice was timely is immaterial. The court was expressly evaluating a claim of prejudice due to reinsurance commutations. *Id.* And the court rejected that claim because it was based on the insurer's "internal financial affairs." *Id.*

FFIC also relies on cases assuming, without analysis, that lost reinsurance recoveries can constitute prejudice. *See Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 2002 WL 32500922, at *7 (D. Conn. Sept. 4, 2002) (not evaluating argument whether, as a matter of law, commutations could even constitute prejudice – the argument Utica is advancing here); *Ins. Co. of Ir., Ltd. v. Mead Reins. Corp.*, 1994 WL 605987, at *8 (S.D.N.Y. Nov. 4, 1994) (same); *Munich Reins. Am., Inc. v. Am. Nat'l Ins. Co.*, 936 F. Supp. 2d 475, 487-490 (D.N.J. 2013) (same); *New Hampshire Ins. Co. v. Clearwater Ins. Co.*, 2013 NY Slip Op. 32812(U), at *4 (same); *Travelers Ins. Co. v. Central Nat'l Ins. Co. of Omaha*, 733 F. Supp. 522 (D. Conn. 1990) (same). Because those decisions do not actually evaluate whether commutations can constitute prejudice and instead just assume that commutations can qualify as prejudice, FFIC's reliance on those cases is misplaced. Those cases do not address the affirmative points made in Utica's initial brief, as summarized above.

*Insurance Co. of the State of Pennsylvania v. Argonaut Insurance Co.*, relied on by FFIC, also does not rebut Utica's argument. 2013 WL 4005109 (S.D.N.Y. Aug. 6, 2013). Instead of evaluating whether commutations were collateral matters that could constitute prejudice, that

5

court merely attempted to distinguish the Ninth Circuit's determination in *Associated International* that commutations were collateral matters that did not constitute prejudice.[2] *Id.* at *12 n.13. The court did not actually provide any analysis of whether commutations could constitute prejudice regardless of *Associated International*. *Id.* Thus, FFIC's dependence on *Argonaut* is misplaced since it is does not actually contain any analysis of the actual issue raised in Utica's motion here.

In sum, commutations are collateral matters that cannot constitute prejudice and case law supports that conclusion. FFIC does not even respond to the explanation as to why commutations are collateral matters that do not constitute prejudice. And the case law that FFIC relies upon does not actually analyze the collateral nature of commutations so it does not support FFIC's opposition. Accordingly, the Court should grant Utica's motion for partial summary judgment and find that FFIC cannot rely on commutations to establish prejudice resulting from Utica's alleged late notice.

---

[2] Contrary to FFIC's claim, a "fair reading" of *Argonaut* does not "disprove" that the *Argonaut* decision improperly limited the facts of the Ninth Circuit decision, *Associated International*. In *Associated International*, the Ninth Circuit plainly rejected Associated's contention that it suffered prejudice because it lost recoveries under its own reinsurance due to ICSOP's late notice, just like FFIC claims here. 922 F.2d at 525. The court explained that Associated's ability to recover its own reinsurance was a "collateral matter" that would not constitute prejudice. *Id.* The decision was not limited to any particular nature of Associated's reinsurance or the claims in the "circumstances of that case," contrary to the *Argonaut* decision. *Id.* Rather, the decision and reasoning are applicable to any case involving a claim of prejudice arising out of a reinsurer's ability to recover its own reinsurance, including this case. And, accordingly, the *Argonaut* decision, which declined to follow *Associated International* solely on the basis that *Associated International* "did no more than find a failure to show prejudice in the circumstances of that case," improperly limited the facts of *Associated International*.

**B.     Even If FFIC's Commutations Can Constitute Prejudice, The Commutations Provide A Partial Defense, Not A Complete Defense.**

1.     <u>Under Contract Law and Reinsurance Law, Commutations May Provide A Partial Defense But Not A Complete Defense.</u>

As set forth in Utica's initial brief, under basic, uncontroverted contract principles, FFIC's late-notice defense based on purported prejudice allegedly arising from commutations provides at most a partial defense, not a complete defense, to Utica's billings. Utica Br. (Doc. 255-2) at 7. A breach of a reinsurance contract, like the breach of any other contract, entitles the non-breaching party to damages caused by the breach. *See Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) ("Damages for breach of contract must be 'such only as actually follow or may follow from the breach of the contract.'" (quoting *Wakeman v. Wheeler & Wilson Mfg. Co.*, 101 N.Y. 205, 209 (N.Y. 1886)). That relief is meant to give the non-breaching party the benefit of the bargain and put that party back in the position it would have been had the breach not occurred. *Goodstein Const. Corp. v. City of N.Y.*, 604 N.E.2d 1356, 1360 (N.Y. 1992) ("Contract damages are ordinarily intended to give the injured part the benefit of the bargain by awarding a sum of money that will, to the extent possible, put that party in as good a position as it would have been in had the contract been performed."); *Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assoc., P.C.*, 692 N.E.2d 551, 553 (N.Y. 1998) ("It has long been recognized that the theory underlying damages is to make good or replace the loss caused by the breach of contract.").

The principles above are not foreign to reinsurance – in fact, courts have recognized the applicability of these principles to claims about prejudice as a result of late notice. *See* Utica Br. at 8-9 (citing *Sec. Mut. Cas. Co. v. Century Cas. Co.*, 531 F.2d 974, 978 (10th Cir. 1976) (recognizing that awarding damages due to cedent's breach of notice provision does not deny the reinsurer the protection it needs and that "had [the reinsurer] shown any pecuniary injury from

7

[the cedent's] failure to give them notice, we believe damages would have been an adequate remedy"); *Associated Int'l*, 922 F.2d at 525 (recognizing that "authority allows an insurer to collect money damages to the extent they were proximately caused by the late notice")).

FFIC contends that Utica's alleged breach of the notice provision purportedly caused FFIC to lose, at most, $19.9 million in its commutations. Therefore, under basic contract law, if FFIC proves this assertion, it would be entitled to $19.9 million in damages.[3] *See Nat'l Mkt. Share*, 392 F.3d at 525 (breach of contract damages are only those that flow from the breach). FFIC would not be entitled to $35 million in damages thereby avoiding payment of Utica's billings in full since that relief would put FFIC in a far better position than it would have been had Utica performed and would constitute an improper $15.1 million windfall to FFIC. *See Freund v. Washington Square Press, Inc.*, 314 N.E.2d 419 (N.Y. 1974) (rejecting plaintiff's damage theory because it "would confer greater advantage than performance of the contract would have entailed to plaintiff and would place him in a far better position than he would have occupied had the defendant fully performed"); *Gosden v. Elmira City Sch. Dist.*, 90 A.D.3d 1202, 1204 (N.Y. App. Div. 2011) ("Damages in a contract action should leave the injured person in as good a position as full performance, but should not provide a windfall.").

However, FFIC asserts that these basic contract principles "bear no relation to reinsurance or even insurance." FFIC Br. at 22 n.49. Yet FFIC cites no support for that claim. And there is none since, as set forth in Utica's initial brief, the Second Circuit has recognized the exact opposite: a "reinsurance contract is governed by the rules of construction applicable to contracts generally." *Christiania Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.*, 979 F.2d 268,

---

[3] At the appropriate time, Utica will show that, even if the commutations can constitute prejudice, FFIC is unable to demonstrate that the alleged late notice actually caused FFIC any harm in its commutations, much less caused FFIC to lose $19.9 million.

8

274 (2d Cir. 1992); *see also Munich Reins. v. Am. Nat'l*, 936 F. Supp. 2d at 493 (recognizing that, under New York law, reinsurance contracts are governed by contract law). FFIC does not even address any of this, much less demonstrate why the Court here should disregard the principles above.

Instead, FFIC relies on statements from reinsurance decisions that a breach of the notice provision "will excuse performance" or allows a reinsurer "to be relieved from its indemnification obligations." FFIC Br. at 24-25. But these statements are consistent with Utica's position.[4] Because a showing of prejudice is required to prevail on a defense based on a breach of a notice provision, a reinsurer can prevail on that defense only to the extent it proves prejudice.

For example, in *Christiania*, the court stated that "for a reinsurer to be relieved from its indemnification obligations because of the reinsured's failure to provide timely notice, . . . it must show prejudice resulted from the delay." 979 F.2d at 274. So, where a reinsurer cannot

---

[4] Moreover, none of the statements that FFIC relies upon clarify whether a reinsurer relying on commutations to establish prejudice can use those commutations to completely avoid its obligations when the prejudice arising out of the commutations is not applicable to the cedent's entire billing. Indeed, the decisions do not actually evaluate whether commutations constitute a partial or complete defense. *See Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 594 N.E.2d 571(N.Y. 1992) (answering certified question about whether reinsurers must show prejudice resulting from late notice in the affirmative and not evaluating any facts relevant to reinsurer's claimed prejudice in that case); *Christiania*, 979 F.2d 268 (decision regarding when cedent's notice to reinsurer was due and remanding for prejudice determination); *Granite State Ins. Co. v. Clearwater Ins. Co.*, 2014 WL 1285507 (S.D.N.Y. Mar. 31, 2014) (finding that cedent acted in bad faith with respect to notice and not evaluating reinsurer's prejudice argument); *Global Reins. Corp. v. Argonaut Ins. Co.*, 548 F. Supp. 2d 104 (S.D.N.Y. 2008) (deciding motion to confirm arbitration award and not evaluating reinsurer's prejudice argument); *NewCap Ins. Co. v. Employers Reins. Corp.*, 295 F. Supp. 2d 1229 (D. Kan. 2003) (finding factual issues based on prejudice arising out of reinsurer's alleged inability to associate in the defense and settlement of the underlying claim); *Bank of N.Y. Mellon Trust Co., Nat'l Assoc. v. Morgan Stanley Mortg. Cap., Inc.*, 2013 WL 3146824, at *18 (S.D.N.Y. June 19, 2013) (in dispute between investors and originator of mortgage loan, finding that originator need not establish prejudice because notice provision was a condition precedent); *British Ins. Co. of Cayman v. Safety Nat. Cas.*, 335 F.3d 205, 213 (3d Cir. 2003) (reversing district court decision that New Jersey law did not require reinsurer to show prejudice resulting from late notice and remanding for prejudice determination). Therefore, none of the decisions support FFIC's position that the relief it can obtain for its late-notice defense is exempt from basic contract principles.

9

show prejudice resulting from the delay, it is not relieved from its indemnification obligations. The *Christiania* court surely did not mean that a reinsurer is relieved for the part of its indemnification obligations for which it cannot show prejudice. Such a rule would allow reinsurers to prevail on late-notice defenses without showing prejudice, which would be contrary to New York law. *Unigard*, 594 N.E.2d at 575 (holding that "the reinsurer must demonstrate how [late notice] was prejudicial"). It would also amount to an improper windfall to reinsurers by putting them in a better position than they would have been in had the late-notice provision not been breached. *See Gosden*, 90 A.D.3d at 1204 ("Damages in a contract action should leave the injured person in as good a position as full performance, but should not provide a windfall.").

Here, FFIC contends that by relying on its commutations, it can show, at most, $19.9 million of prejudice. However, FFIC concedes that it cannot show that its commutations prejudiced FFIC with respect to the remaining $15.1 million of Utica's billing. Nevertheless, FFIC contends that the $19.9 million in lost recoveries constitutes prejudice for not only $19.9 million of Utica's billings but also for the remaining $15.1 million of billings for which FFIC concedes there were no lost reinsurance recoveries.[5] That is, even though FFIC cannot show prejudice from commutations with respect to $15.1 million of Utica's billings, FFIC contends its commutations entitle it to avoid paying that amount. Reinsurance case law is to the contrary since it requires that reinsurers show prejudice resulting from late notice – something FFIC's reliance on its commutations cannot do with respect to $15.1 million of Utica's billings. *See Unigard*, 594 N.E.2d at 575 (holding that "the reinsurer must demonstrate how [late notice] was prejudicial").

---

[5] Under FFIC's theory, its commutations would allow it to avoid paying Utica's billings even for the parts of Utica's billings for which FFIC (a) never had reinsurance coverage to commute and (b) still has reinsurance coverage available. With respect to these portions of Utica's billings, there is clearly no prejudice arising out of FFIC's commutations.

In sum, under contract law and reinsurance law, FFIC is only entitled to damages in the amount that it can show it was harmed in its commutations due to Utica's alleged late notice. The only courts to actually address the available remedy for relying on monetary injuries as prejudice, such as FFIC's reliance on commutations here, have followed basic contract law and determined that the remedy is not complete avoidance of obligations, but rather damages in the amount of the alleged monetary injury. Utica Br. at 8-9 (citing *Sec. Mut. Cas. Co.*, 531 F.2d at 978 (where reinsurer shows "pecuniary injury" resulting from alleged late notice, damages are appropriate remedy); *Associated Int'l*, 922 F.2d at 525 (insurer can collect "money damages to the extent they were proximately caused by the late notice")).

### 2. The Duty Of Utmost Good Faith Does Not Entitle FFIC To A Windfall.

As support for its position that $19.9 million of purported harm entitles FFIC to avoid $35 million of billings, FFIC also relies on the duty of utmost good faith in the reinsurance relationship. FFIC Br. at 23-24. But the duty of utmost good faith is not a talisman for FFIC to obtain relief for a breach of contract beyond that provided for under basic contract principles. FFIC fails to explain why, in the absence of a breach of the duty of utmost good faith, the mere presence of the duty would change the remedies available to FFIC for a breach of contract. Indeed, there is no such rule. Rather, any expanded relief available because of the duty of utmost good faith should be available only if FFIC establishes that the duty has been breached.

Moreover, the statements FFIC relies upon from *Unigard* in an attempt to support this argument are the statements purportedly supporting the bad faith exception to the prejudice requirement. FFIC Br. at 23. They have nothing to do with the relief FFIC may be entitled to if FFIC shows a breach of the notice provision based on prejudice resulting from its commutations.

Likewise, FFIC's statements that "if reinsurers could not trust their reinsureds, the outcome would be drastic" and that "the economics of reinsurance [would] not work and

reinsurers would stop writing reinsurance" are irrelevant and incorrect. FFIC Br. at 27. First, this motion concerns the relief available to FFIC if FFIC can use its commutations as prejudice in connection with its claim that Utica breached the late-notice provision. FFIC does not explain how the mutual trust between reinsureds and reinsurers is relevant to that relief. Indeed, FFIC has never claimed that Utica lied to FFIC about notice and, even if there was such a claim, it would (a) be false and (b) be relevant to FFIC's claim that Utica acted in bad faith with respect to notice; not to FFIC's claim that Utica breached the notice provision.

Second, FFIC's statement that the economics of reinsurance would not work and that reinsurers would stop writing reinsurance if the Court applies basic contractual and reinsurance law has no basis whatsoever. Contrary to FFIC's assertion, reinsurance is not based on reinsurers receiving windfalls in connection with late-notice defenses. Reinsurers, like all other parties, only expect to be put in the position they would have been in had the cedent not breached. Providing a partial defense for FFIC's reliance on its commutations (assuming commutations could constitute prejudice), does just that and, contrary to FFIC's contentions, does not mean that reinsurers cannot trust their reinsureds, does not undermine the economics of reinsurance, and will not lead to the utter destruction of the reinsurance business.

## IV.   CONCLUSION

FFIC's commutations are FFIC's own business dealings under FFIC's contracts with third-parties. Those commutations did not involve Utica and were not based on the reinsurance contracts between Utica and FFIC. The Court should not allow FFIC to use those commutations to avoid payment of Utica's billings.

If FFIC can use those commutations to establish prejudice resulting from Utica's alleged breach of the notice provision, the Court should apply basic contract law to the accompanying relief. Thus, FFIC should be limited to reduce the amount it owes Utica by the amount of harm

FFIC can show it suffered in those commutations due to Utica's alleged breach. FFIC should not be able to use those commutations to avoid payment of Utica's entire $35 million billings since FFIC concedes that it did not suffer $35 million of harm in connection with its commutations. Accordingly, the Court should grant Utica's motion for partial summary judgment.

Dated: July 16, 2014

Hunton & Williams LLP

/s/ Walter J. Andrews
Walter J. Andrews (NDNY Bar No. 106051, admitted *pro hac vice*)
Syed S. Ahmad (NDNY Bar No. 602911)
Hunton & Williams LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Tel: (703) 714-7400
wandrews@hunton.com
sahmad@hunton.com

*Attorneys for Plaintiff*
*Utica Mutual Insurance Company*

## DECLARATION OF SERVICE

I certify that on July 16, 2014, a true copy of the foregoing was served on counsel of record by ECF Notification.

/s/ Patrick M. McDermott
Patrick M. McDermott

Mary A. Lopatto
Williams Lopatto PLLC
1776 K Street, NW
Suite 800
Washington, DC 20006

*Attorneys for Defendant
Fireman's Fund Insurance Company*