IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
UTICA MUTUAL INSURANCE COMPANY,   :
                                  :
                    Plaintiff,    :   No. 6:09-cv-00853 (DNH/TWD)
         v.                       :
                                  :
FIREMAN'S FUND INSURANCE          :   **JOINT PRETRIAL STIPULATION**
COMPANY,                          :
                                  :   **REDACTED**
                    Defendant.    :
---------------------------------------------------------X

Pursuant to Paragraph 11(iv)(A)(3) of the Uniform Pretrial Scheduling order [Dkt. 74], Plaintiff Utica Mutual Insurance Company ("Utica Mutual") and Fireman's Fund Insurance Company ("FFIC") set forth below their Joint Pretrial Stipulation.

## **JURISDICTION**

1.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over the claims and counterclaims brought in this action, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of FFIC and Utica is diverse.

2.  Venue for the claims and counterclaims brought in this action is properly laid in this district by virtue of 28 U.S.C. § 1391(a)(1) and (c).

## **RELEVANT FACTS NOT IN DISPUTE**

1.  A primary general liability insurance policy is the initial insurance coverage applicable to a loss.

2.  Utica Mutual issued seven primary general liability policies to Goulds that collectively were in effect between July 1, 1966 and July 1, 1973 (the "1966-73 Primary Policies").

3. Utica Mutual issued to Goulds umbrella policies in effective for annual periods between and including July 1, 1966 through July 1, 1973 (the "1966-73 Umbrella Policies").

4. Reinsurance is insurance for insurance companies. An insurer purchases reinsurance from a reinsurer to cover the insurer for a share of the liabilities it has in connection with its policies.

5. Fireman's Fund reinsured the 1966-1972 umbrella insurance policies that Utica Mutual issued to Goulds under seven facultative reinsurance certificates (the "Certificates"):

   a. Certificate of Reinsurance effective May 31, 1966, to July 1, 1967.

   b. Certificate of Reinsurance effective July 1, 1967, to July 1, 1968.

   c. Certificate of Reinsurance effective July 1, 1968, to July 1, 1969.

   d. Certificate of Reinsurance effective July 1, 1969, to July 1, 1970.

   e. Certificate of Reinsurance effective July 1, 1970, to July 1, 1971.

   f. Certificate of Reinsurance effective July 1, 1971, to July 1, 1972.

   g. Certificate of Reinsurance effective July 1, 1972, to July 1, 1973.

6. Goulds was a New York-based manufacturer of pumps and pump products. Some of its pumps had an internal gasket that contained asbestos, and consequently Goulds became the subject of asbestos bodily injury claims.

7. On February 26, 2003, Goulds filed an amended complaint that added Utica Mutual as a defendant to the California Action.

8. On October 31, 2003, Utica Mutual filed a complaint in the Supreme Court for Oneida County, New York against Goulds concerning coverage for the Goulds Claims (the "New York Action"). The Hon. Robert F. Julian was the presiding justice for the New York Action.

9. Both the California Action and the New York Action involved disputes about, among other issues, whether New York or California law should apply, the proper method for allocating the Goulds Claims to the various insurance policies, the terms of lost policies, and whether certain of Utica Mutual's primary policies had aggregate limits for bodily injury arising from the products hazard.

10. In 2005, Utica Mutual and Goulds requested Judge Lichtman and Justice Julian jointly to act as settlement judges between Utica Mutual and Goulds to mediate their settlement discussions and help settle their disputes.

11. Utica Mutual and Goulds settled the coverage litigation in February 2007, and memorialized the agreement in four documents: a "Defense and Indemnity Agreement," an "Escrow Agreement," a "Irrevocable Letter of Credit," and a "Repayment Agreement."

## STIPULATED EXHIBITS

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| 1966-1967 FFIC/Utica Certificate of Reinsurance | P-1<br>P-21 | D-7 |
| 1967-1968 FFIC/Utica Certificate of Reinsurance | P-2 | D-8 |
| 1968-1969 FFIC/Utica Certificate of Reinsurance | P-3 | D-9 |
| 1969-1970 FFIC/Utica Certificate of Reinsurance | P-4 | D-10<br>D-14-39 |
| 1970-1971 FFIC/Utica Certificate of Reinsurance | P-5 | D-11 |
| 1971-1972 FFIC/Utica Certificate of Reinsurance | P-6 | D-12 |
| 1972-1973 FFIC/Utica Certificate of Reinsurance: | P-7 | D-13 |
| Cahill: Product Public Liability Insurance | P-8 | D-15 |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Ackerman: Chapter 18 | P-11 | D-16 |
| Record of Premiums and Losses | P-12 | |
| Nachman article | P-17 | D-17 |
| Letter from Michael Pyle to Edmund Ganley re: R/I Utica Mutual A/C Goulds Pumps, Inc. enclosing umbrella policy | | D-14-56 |
| 1966 Certificate of reinsurance | P-21 | |
| FFIC excess liability policy XL 90910 | P-22 | |
| Memo from Redmond re: excess liability policy | P-25 | |
| Certification of policies by Goulds Pumps secretary | P-27 | |
| FFIC home office bulletin re: excess & special risk premium figures through Dec. 1967 | P-28 | |
| Letter from Dard to Keenan attaching 1969 umbrella application | P-31<br>P-32 | |
| Handwritten notes of FFIC underwriter | P-33 | |
| Memo from Redmond re: excess medical malpractice | P-34 | |
| Memo from Redmond re: underwriting reports | P-35 | |
| Memo from Redmond re: Gerling Global Reinsurance | P-36 | |
| Letter from G. Derfus to Mitchell attaching 1970 umbrella liability policy | P-40 | |
| PVR premium entry abstract | P-41 | |
| Memo from Redmond re: Chicago, NY, and San Francisco meetings – Fall 1970 | P-42 | |
| Letter from Pyle to Ganley re: Umbrella Liability | P-43 | |
| FFIC reinsurance policy no. X-105 08 42 | P-47 | |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Memo from Redmond re: supercover – special endorsement | P-49 | D-28 |
| FFIC reinsurance policy no. X-105 10 05 | P-54 | |
| Memo from Koo re: excess architects and engineers professional liability | P-56 | |
| Memo from Redmond to Excess & Special Risk Managers re: aggregates | P-57 | D-32 |
| Letter from Teti to Cholewa re: Utica and Goulds Pumps Umbrella Liability | P-61 | |
| Utica underwriting bulletin manual re: products liability | P-67 | |
| Underwriting Report: Product Liability Insurance | P-71 | D-43 |
| Letter from Turi to Bradshaw re: Goulds Pumps asbestos litigation | P-84 | |
| Memo from Turi to Daly re: Goulds Pumps/asbestos claims/allocations reinsurance | P-88 | |
| FFIC Records Storage and Retrieval Retention Schedules | P-89 | D-49 |
| Letter from D. Zimmerman to B. Turi re Goulds Pumps | P-91 | |
| Memo from Turi to Wright re: Goulds Pumps – asbestos losses | P-92 | |
| Handwritten note from Turi to Schultz | P-93 | |
| Letter from M. Schultz to D. Zimmerman re: Goulds Pumps | P-94 | D-55 |
| Utica Asbestos & Waste Site Liabilities Report from Tillinghast | P-95 | D-57 |
| Commutation and Release Agreement Governing FFIC Ceded Liabilities | P-98 | D-61 |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Commutation and Release Agreement Governing FFIC Assumed Liabilities | P-99 | D-62 |
| Letter from Schultz to AMRECO re: Goulds Pumps (Policy Term 67-68) | P-108 | |
| Letter from Schultz to AMRECO re: Goulds Pumps (Policy Term 72-73) | P-109 | |
| Letter from Schultz to AMRECO re: Goulds Pumps (Policy Term 73-74) | P-110 | |
| Letter from Schultz to AMRECO re: Goulds Pumps (Policy Term 74-75) | P-111 | |
| Letter from Schultz to AMRECO re: Goulds Pumps (Policy Term 60-61) | P-112 | |
| Letter from Glover to Dawson re: Goulds Pumps | P-115 | |
| Glover email chain re: Goulds Pumps policy limits | P-116 | |
| Email from Glover re: purged file search/Goulds | P-117 P-118 | |
| Letter from Glover to Dominion Ins. Co. re: update on Goulds umbrella policies | P-120 | D-66 |
| Letter from Glover to Allstate Corp. re: update on Goulds umbrella policies | P-121 | D-66 |
| Letter from Glover to Haas (Am Re) re: Goulds umbrella policies | P-122 | D-66 |
| Letter from Glover to Excess & Casualty Reinsurance re: Goulds umbrella policies | P-123 | D-66 |
| Letter from Glover to Indemnity Insurance Co. of North America re: Goulds umbrella policies | P-124 | D-66 |
| Letter from Glover to Lawrence re: document request | P-126 | D-67 |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Letter from Glover to North American Co. re: Goulds umbrella policies | P-127 | D-66 |
| Letter from Schultz to American Mutual Reinsurance Co. re: Goulds claim | P-132 | D-66 |
| Tillinghast Report, Utica National Insurance Group Actuarial Review of Asbestos Reserves as of June 30, 2001 | P-135 | D-70 |
| Letter from Schultz to Donohue re: notice of claim | P-139 | |
| Email from Medina to Beresford, Bunch, and Vassallo re: commutation counter offer - United Friendly General Insurance | P-140 | |
| FFIC Actuarial Review of Asbestos Reserves as of Dec. 31, 2000 | P-141 | D-72 |
| Email from Turi re: CEOL treaty | P-142 | D-73 |
| Letter from Seal to Glover re Cannon Electric Memo from Robinson to file re Utica v. Goulds – Policy History | P-152 | D-74<br><br>D-75 |
| Email from Seal to Glover attaching draft settlement agreement | P-153 | D-76 |
| Tanjuaquio email chain re: update on River Thames commutation negotiations | P-154 | |
| Letter from Robinson to Martin re: Canon v. Ace, Return of Original Documents | P-155 | |
| Tillinghast Report, Utica National Insurance Group Actuarial Review of Asbestos Reserves as of June 30, 2003 | P-158 | |
| Letter from Martin to Okura re: Settlement Discussions | P-159 | |
| Letter from Horton to Robinson attaching draft defense and indemnity agreement | P-160 | D-79 |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Letter from Robinson to Martin re: first quarter status report | P-161<br><br>P-334 | D-82 |
| Letter from Robinson to Berez re: non-production documents | P-162 | |
| Email from Peralta re: Andrew Weir commutation | P-164 | |
| Email from Epstein re Markel Terra Nova Les Mutuelles commutation | P-165 | |
| FFIC presentation to Stronghold Insurances Co. Ltd. | P-166 | |
| FFIC presentation to Markel International | P-167 | |
| Email from Epstein to Davis and Sion re: Stronghold commutation range | P-168 | |
| Turegum Ins. Co. Summary of Commutation Values – Consolidated FFIC | P-169 | |
| Turegum Ins. Co. Summary of Consolidated FFIC Presentation | P-170 | |
| Turegum Ins. Co. - Summary of Commutation Values – Consolidated FFIC – Internal High End | P-171 | |
| Email from Peralta to Vassallo re: Gerling Global commutation estimate | P-172 | |
| Commutation and Release Agreement (FFIC/Gerling) | P-173 | |
| FFIC presentation to Turegum Ins. Cos. | P-174 | |
| Dominion Summary of Commutation Values | P-176 | |
| Letter from Robinson to Martin re: lost policies | P-178 | D-90 |
| Mehta email chain re: Markel/Turegum/Mitsui discounted commutation pricing | P-179 | |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Goulds Pumps amended answer to cross-complaint (*Cannon Electric v. Affiliated FM Ins. Co.*) | P-182 | D-91 |
| Martin letter to Nichols (Swiss Re) re: Goulds Pumps litigation | P-184 | |
| Email from Epstein to Sion re: Markel update | P-185 | |
| Letter from Robinson to Turi and Martin re: settlement discussions | P-186 | D-98 |
| Goulds Pumps memo in support of motion for summary adjudication (*Cannon Electric v. Affiliated FM Ins. Co.*) | P-189 | D-92 |
| Kenny email chain re: Markel/Terra Nova commutation | P-190 | |
| Letter from Robinson to Turi and Martin re: underwriting history | P-191 | D-102 |
| Letter from Seal to Savino and Smirti re: draft Utica mediation statement | P-192 | D-107 |
| Letter from Seal to Turi, Martin, and Berez re: mediation | P-193 | D-108 |
| Utica's confidential mediation statement | P-195 | D-110 |
| Term Sheet between Goulds and Utica | P-196 | |
| Email from Robinson to Konkel attaching settlement agreement | P-198 | |
| Summary of Ceded Values – Dominion Ins. Co. | P-199 | |
| Letter from Savino and Smirti to Turi re: summary of settlement of asbestos related and other matters | P-203 | D-134 |
| Defense and Indemnity Agreement | P-204 | D-135 |
| Seaton Unigard Alliance Ins. Co. Target Commutation Value | P-208 | |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| AIC/FFIC Consolidated Presentation to Seaton Ins. Co. | P-209 | |
| Seaton/Unigard – Actuarial Best Estimate | P-210 | |
| Email from Eggleton to Mehta attaching Seaton commutation exhibits | P-211 | |
| Email exchange re Seaton claim audit | P-212 | |
| Orion Ins./London Overseas summary of consolidated FFIC presentation | P-218 | |
| Hake email chain re: 1966-71 certs | P-219 | D-146 |
| Email from O'Connell to Sammur re: Goulds Pumps billings, attaching fac certs | P-220 | subject to redactions |
| Letter from O'Connell to attaching billings for Goulds Pumps losses, 1966-71 | P-221 | |
| Letter from O'Connell to Sammur re: Goulds Pumps billings, attaching 9/12/2008 letter re: 1966-71 losses | P-222 | |
| Email from Sammur to Hake attaching materials re: Goulds Pumps billings | P-223 | D-148 |
| Email from Hake to Ibello re: Goulds claim | P-224 | |
| Ginnett email to Fry and Bresson re: Utica reinsurance | P-231 | |
| Fry, Bresson email chain re: Utica reinsurance | P-232 | |
| Email from Bresson to Svestka re: FFIC facultative Certs | P-233 | |
| Email from Bresson to Hauserman and Kane re: Goulds Pumps | P-234 | |
| Carlson email chain re: responses to commutation offer | P-238 | D-150 |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Email from Sammur to Bresson attaching Goulds billings through Nov. 2008 | P-241 | |
| Seaton Unigard commutation spreadsheets | P-242 | |
| Email from Bresson to Kane re: Goulds – Assume re matter | P-243 | |
| Email exchange re: Seaton commutation agreement | P-244 | |
| HCD major case report | P-245 | |
| HCD major case report | P-246 | |
| Email from Bresson to Ibello attaching reinsurance initial report | P-247 | |
| Email from Bresson to Svestka attaching reinsurance initial report | P-248 | |
| Email from Bresson to Sammur and Turi re: acknowledgment and request for info | P-249 | D-152 |
| Email from Bresson to Martinez re: Utica/Goulds Assumed Re ATLAS set up | P-251 | |
| Email from Bresson to Fry with attachment | P-252 | |
| Email from Sammur to Bresson attaching Goulds billings through Feb. 2009 | P-253 | |
| Email from Turi to Bresson attaching documents requested during audit | P-254 | |
| Mehta forwarding Stone email re: FFIC and Orion Ins./London & Overseas | P-256 | |
| Billings for Goulds losses, May 2009 | P-257 | |
| Email from Bresson to Turi re: Utica/Goulds | P-259 | D-156 |
| Email from Patla to Bresson attaching Goulds billings for June through August 2009 | P-261 | |

11

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| Email from Sydoriw to Bresson attaching Goulds billings through Nov. 2009 | P-263 | |
| Email from Fry to Bresson re: Utica w/ attachment | P-265 | subject to redactions |
| Email from Sydoriw to Bresson attaching Goulds billings through May 2010 | P-266 | |
| FFIC Analysis of Asbestos Liabilities as of Sept. 30, 2009 | P-267 | D-161 |
| FFIC's responses and objections to Utica's interrogatories | P-273 | subject to redactions |
| FFIC's answers and objections to Utica's second set of interrogatories | P-280 | subject to redactions |
| FFIC's first supplemental responses and objections to Utica's interrogatories | P-282 | |
| FFIC's response to Utica's requests for admission | P-283 | subject to redactions |
| FFIC's answers and objections to plaintiff's third set of interrogatories | P-284 | subject to redactions |
| Amended notice of Rule 30(B)(6) corporate deposition of defendant FFIC | P-286 | subject to redactions |
| Letter from Williams to Ahmad re: interrogatories and requests for admission | P-287 | subject to redactions |
| Atlas progress notes | P-288 | |
| FFIC's answers and objections to Utica's fourth set of interrogatories | P-292 | subject to redactions |
| FFIC's answers and objections to Utica's fifth set of interrogatories | P-293 | |
| Robinson Declaration | P-294 | D-169 |
| Robinson Stipulation of Admissibility | P-295 | D-169 |
| FFIC's second supplemental responses and objections to Utica's interrogatories | P-296 | subject to redactions |

| Exhibit Description | Pl. Ex. No. | Def. Ex. No. |
|---|---|---|
| FFIC's second revised response to Plaintiff's requests for admission | P-297 | subject to redactions |
| Spreadsheet of Accounts with Reserves for Dominion Commutation | P-302 | |
| Interagency Task Force on Product Liability Final Report | P-304 | D-40 |
| Utica National Ins. Group presentation to Utica Board of Directors re: Goulds settlement | P-305 | D-133 |
| Utica/Goulds Audit Report | P-327 | |
| Redmond Engagement Letters | P-329 | |
| Email from Smirti re: Utica Confidential Meditation Statement Proposed Draft | P-332 | D-105 |
| Letter from Robinson to Martin re: ITT/Goulds Coverage Litigation; First Quarter Status Report - April 2004 | P-334 | |
| Western Union Telefax | | D-14-34 |
| Letter from Dard to Broedel | | D-14-36 |
| Letter from Weddleton to Bobeau | | D-19 |
| Analysis of General Liability and Umbrella Insurance signed by Weddleton | | D-20 |
| Letter from Robinson to Horton re settlement discussions | | D-81 |
| Email from Seal to Martin attaching draft settlement agreement | | D-83 |
| Letter from Robinson to Horton & Krasinksi re: proposed draft settlement agreement | | D-86 |

## RELEVANT FACTS IN DISPUTE

The parties separately list below disputed issues of fact.

**Plaintiff Utica Mutual:**

1. Whether FFIC received late notice.

2. If FFIC received late notice, whether FFIC suffered material, demonstrable prejudice as a consequence.

3. Whether it was reasonable for Utica to settle with Goulds on the basis that ███ ███████████████████████████████

4. Whether Utica made material misrepresentations or omissions to FFIC during the negotiation of the Reinsurance Contracts between 1966 and 1973, as respects the existence of aggregate limits in the 1966-73 Primary Policies.

5. Whether the existence of aggregate limits for bodily injury claims subject to the products hazard was a standard term in primary general liability policies between 1966 and 1973.

**Defendant FFIC:**

1. Whether the 1966-1972 primary policies have aggregate limits of liability for asbestos bodily injury claims and whether they were exhausted by payments to Goulds.

2. Whether the reinsurance contracts require Fireman's Fund to reinsure umbrella policies written on top of primary policies with aggregate limits for bodily injury.

3. Whether Utica would have inserted ████████████████████████████ in the settlement agreement in the absence of reinsurance for the umbrella policies.

4. Whether it was objectively reasonable for Utica to ████████████████ ████████████

5. Whether it was objectively reasonable for Utica to ████████████████ ████████████████████████████

6. Whether Utica had in place, at any time relevant to when notice should have been given under the Certificates, adequate written procedures, policies or guidelines to ensure that prompt notice would be provided to Utica's facultative reinsurers.

7. Whether the failure to have such procedures, policies or guidelines to ensure prompt notice was grossly negligent or reckless.

8. Whether Utica maintained records of when notices were first sent to its reinsurers.

9. Whether the failure to maintain such records was grossly negligent or reckless.

10. Whether Fireman's Fund was prejudiced by Fireman's Fund's lost opportunity to associate in the defense or settlement of the underlying claims.

11. Whether Fireman's Fund was economically prejudiced by Utica's late notice because it entered into commutations with its own reinsurers without knowledge of Utica's $35 million reinsurance claim and, therefore, did not receive money from its reinsurers to release them from their contracts to pay Fireman's Fund's claims in the future.

## ISSUES OF LAW

The parties separately list below the issues of law to be decided by the Court in this case. This list does not include issues to be decided by the jury or those addressed in the parties' respective letter submissions concerning evidentiary issues.

**Plaintiff Utica Mutual:**

1.  **Garrett Redmond Testimony.**  Utica Mutual's motion in limine to preclude certain testimony of Garrett Redmond raises issues of law respecting whether a witness without personal knowledge may testify.  Dkt. 364.

2.  **Prejudice.** With respect to FFIC's late notice defense, there is a legal issue respecting the consequences of a showing of prejudice by FFIC resulting from late notice.  If

FFIC proves that Utica Mutual breached the notice provision in the reinsurance contracts, Utica Mutual contends that the remedy for that breach is demonstrated damages and not forfeiture of all reinsurance coverage. The only exception is a material breach of contract. The Court will decide whether to instruct the jury that even a dollar of proven economic prejudice leads to a forfeiture of Utica Mutual's entire $35 million in reinsurance coverage.

       3.      **Statute of Limitations.** The Court will decide which statute of limitations is applicable to FFIC's misrepresentation claims.

       4.      **Termination of Pleading in the Alternative.** The Court will decide when FFIC must elect whether it is contending that the 1966-73 Utica Mutual primary policies did have aggregate limits (an element of its misrepresentation/omission claim) or did not have aggregate limits (an element of its defense to Utica Mutual's breach of contract claim based on follow the settlements).

       5.      **Election of Remedies.** FFIC must elect whether it is seeking rescission or damages as a remedy for its misrepresentation claims[1].

       6.      **Negligent Misrepresentation.** The Court must determine whether a negligent misrepresentation claim can lie by a reinsurer against its ceding company when the law provides that a ceding company is not a fiduciary of its reinsurer and is not required to put its reinsurer's interests ahead of its own. *See U.S. Fidelity & Guar. Co. v. Am. Re-Ins. Co.*, 20 N.Y.3d 407, 420 (2013).

       7.      **Bad Faith As Substitute for Prejudice from Late Notice.** The Court must decide whether, notwithstanding its February 9, 2015 Memorandum-Decision and Order [Dkt.

---

[1] If FFIC elects the remedy of rescission, then the law requires that the court and not the jury decide its misrepresentation claims.

325 at 19-20], FFIC may avoid the need to show prejudice from any Utica Mutual late notice by instead showing that Utica Mutual acted in bad faith by failing to have routine practices and controls in place to ensure notice to reinsurers.

**Defendant FFIC:**

    1.    The Court has already addressed the following legal issues, which will be applied over the course of this case:

- Prejudice from Late Notice

    a.  This Court found in its February 9, 2015 Memorandum-Decision and Order (the "2015 Order"), that lost commutations resulting from late notice can constitute prejudice. *See* Doc. 325 at 12, 14.

    b.  The Court also ruled that a showing of prejudice from Utica's late notice will entitle Fireman's Fund to relief from its duty to indemnify. *See id.* at 15-16.

- Utica's Bad Faith

    a.  Pursuant to its 2015 Order, the Court found that a showing of bad faith on Utica's part will excuse Fireman's Fund from having to demonstrate prejudice as a result of late notice and will bar Utica's reinsurance claim. *See id.* at 19-20.

    b.  The Court also recognized that the minimum standard for bad faith is gross negligence or recklessness and that Utica would be guilty of gross negligence if it did not have policies, procedures or guidelines in place to ensure timely notification to its reinsurers. *See id.* at 20.

- Follow The Settlements Standard

17

a.  If the follow the settlements doctrine applies, the jury must decide whether Utica acted in a good faith and objectively reasonable fashion by ███████████████████████████████████████████████████████████████████████████████████████ The Court has recognized that the "objectively reasonable" standard set forth *U.S. Fid. & Guar. Co. v. Am. Re-Ins. Co.,* 20 N.Y.3d 407 (2013) ("*USF&G*") requires that Utica's allocation of the settlement to its policies must be one that the parties to the settlement might reasonably have arrived at in arm's length negotiations if the potential of a reinsurance recovery did not exist.  *See* Doc. 342 at 26.

2.  One issue that has not yet been presented to the Court is the issue of when Utica had a duty to put Fireman's Fund on notice of its reinsurance claim.  Under the "prompt notice" provision in the reinsurance certificates, Utica was obligated to provide notice to Fireman's Fund of the Goulds claim when there was a "reasonable possibility" that the reinsurance issued by Fireman's Fund to Utica would be triggered by those claims.  *See Christiania Gen. Ins. Corp. of New York v. Great Am. Ins. Co.*, 979 F.2d 268, 276 (2d Cir. 1992); *Unigard Sec. Ins. Co., Inc. v. N. River Ins. Co.*, 4 F.3d 1049, 1065 (2d Cir. 1993).  *Cf. Century Indemn. Co. v. Keyspan Corp.*, No. 603405/01, 2007 WL 1341264, at *7 (N.Y. Sup. Ct. May 7, 2007), *aff'd,* 872 N.Y.S.2d 444 (1st Dep't 2009) (finding that policies which require notice when it appears "likely" that excess policies would be reached mean that "the duty to notify arises upon a 'reasonable possibility' that the policy at issue would be involved") (citing *Christiania*, 979 F.2d at 276).

3.  If the jury ultimately rules in Utica's favor on all of the legal issues, the Court will have to determine Fireman's Fund's equitable claim for rescission.  In the event that the rescission claim must be decided, the Court will determine whether Utica made a material misrepresentation or omission to Fireman's Fund, and if so, whether it was reasonable for Utica to have been aware

that such information was material to Fireman's Fund's decision whether or not to insure.[2] *See Christiania,* 979 F.2d at 278-79; *RLI Ins. Co. v. JDJ Marine, Inc.,* No. 07 CIV. 9546 GBD, 2012 WL 3765026, at *5 (S.D.N.Y. Aug. 29, 2012).

Dated: October 16, 2017

| | |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Utica Mutual Insurance Company | Fireman's Fund Insurance Company |
| | |
| By: */s/ William M. Sneed* | By: */s/ Mary A. Lopatto* |
|     William M. Sneed |     Mary A. Lopatto |
| | |
| William M. Sneed (NDNY Bar No. 518424, Admitted *pro hac vice*) | Mary A. Lopatto (602909) |
| Thomas D. Cunningham (NDNY Bar No. 519071, Admitted *pro hac vice*) | John B. Williams (106118) |
| Daniel R. Thies (NDNY Bar No., 519070, Admitted *pro hac vice*) | Fara N. Kitton (518803) |
| SIDLEY AUSTIN LLP | WILLIAMS LOPATTO PLLC |
| One South Dearborn | 1707 L Street, NW, Suite 550 |
| Chicago, IL  60603 | Washington, DC 20036 |
| (312) 853-7000 | (202) 296-1665 |
| wsneed@sidley.com | malopatto@williamslopatto.com |
| tcunningham@sidley.com | jbwilliams@williamslopatto.com |
| dthies@sidley.com | nmonarch@williamslopatto.com |
| | fnkitton@williamslopatto.com |
| -and- | |
| | |
| Walter J. Andrews (NDNY Bar No. 106051, Admitted *pro hac vice*) | |
| Syed S. Ahmad (NDNY Bar No. 602911) | |
| HUNTON & WILLIAMS LLP | |
| 2200 Pennsylvania Ave, NW | |
| Washington, DC 20037 | |
| (703) 714-7400 | |
| wandrews@hunton.com | |
| sahmad@hunton.com | |

---

[2] A fact is material if, had the fact been revealed, the insurer or reinsurer would either not have issued the policy or would have issued it at a higher premium.  *Christiania,* 979 F.2d at 278.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2017, a true and correct copy of the Joint Pretrial Stipulation was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of New York using the CM/ECF system, which sent notification of such filing to Defendant's counsel of record:

Mary A. Lopatto, Esq.
John B. Williams, Esq.
Fara N. Kitton, Esq.
WILLIAMS LOPATTO PLLC
1707 L Street, NW, Suite 550
Washington, DC 20036
Tel.: (202) 296-1665
malopatto@williamslopatto.com
jbwilliams@williamslopatto.com
fnkitton@williamslopatto.com

                                                           /s/ *William M. Sneed*
                                                        William M. Sneed